IN THE U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| DIOCESE OF DAVENPORT, | ) | Case No. 06-02229-lmj11 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | Honorable Lee M. Jackwig |

## APPLICATION OF OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS FOR APPROVAL OF EMPLOYMENT OF ATTORNEYS

COMES NOW the Official Committee of Creditors Holding Unsecured Claims (the "Committee") in the above-captioned case and applies to the Court for an Order approving the employment of Pachulski Stang Ziehl Young Jones & Weintraub LLP (the "Firm") as attorneys for the Committee in this Chapter 11 bankruptcy proceeding, effective nunc pro tunc as of January 4, 2007. In support of this Application, the Committee states as follows:

1. On October 10, 2006, the Diocese of Davenport (the "Debtor") filed a voluntary petition in the Southern District of Iowa under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code"). The Debtor continues to operate its business as debtor-in-possession.

2. On December 19, 2006, the U.S. Trustee appointed the Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code.

3. On January 4, 2007, the Committee held its first organizational meeting. The Committee believes that legal advice and assistance is necessary for the Committee to adequately

18478-001\DOCS_LA:161362.3

perform its duties. To this end, the Committee has selected the Firm to represent it in this bankruptcy case.

4. The Firm is comprised of approximately 56 attorneys with a practice concentrated on reorganization, bankruptcy, litigation and commercial issues. The Firm's attorneys have extensive experience representing creditors' committees, debtors, creditors, trustees and others in a wide variety of bankruptcy cases. The Firm was specifically selected by the Committee because of its extensive experience in other states, jurisdictions and bankruptcy proceedings in representing claimants who have been sexually abused by members of the clergy. Although other attorneys in the Firm will render services, the primary attorneys of the Firm who will render services on the Committee's behalf are Hamid R. Rafatjoo and Gillian N. Brown.

5. It is contemplated that the legal services required of the Firm by the Committee will be as follows:

 a. to assist, advise and represent the Committee in its consultations with the Debtor regarding the administration of this case;

 b. to assist, advise and represent the Committee in analyzing the Debtor's assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

 c. to assist, advise and represent the Committee in any manner relevant to reviewing and determining Debtor's rights and obligations under leases and other executory contracts;

    d.  to assist, advise and represent the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtor, the operation of the Debtor's business and the desirability of the continuance of any portion of the business, and any other matters relevant to this case or to the formulation of a plan;

    e.  to assist, advise and represent the Committee in its participation in the negotiation, formulation and drafting of a plan of liquidation or reorganization;

    f.  to provide advice to the Committee on the issues concerning the appointment of a trustee or examiner under Section 1104 of the Bankruptcy Code;

    g.  to assist, advise and represent the Committee in the performance of all of its duties and powers under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure and in the performance of such other services as are in the interests of those represented by the Committee;

    h.  to assist, advise and represent the Committee in the evaluation of claims and on any litigation matters; and

    i.  to provide such other services to the Committee as may be necessary in the case.

6.    The Committee has retained the Firm for the primary purpose of attempting to maximize the amount of money that will be made available to be distributed to the personal injury and tort claimants of the Debtor. The Committee believes the Firm is well qualified to provide the aforesaid services.

18478-001\DOCS_LA:161362.3

7.  Based upon the Statement Pursuant To Bankruptcy Rule 2014 and Affidavit of Proposed Attorney executed on behalf of the Firm as attached hereto as Exhibit A and incorporated by reference herein, the Committee believes that the Firm, its partners, of counsel attorneys and associates, do not hold or represent any interest adverse to the interests represented by the Committee, and that the Firm, its partners, of counsel attorneys and associates, are disinterested within the meaning of Section 101 of the Bankruptcy Code.

8.  The terms of employment agreed to by the Committee, subject to Court approval, are as follows: (i) no retainer will be paid to the Firm; (ii) neither the Committee nor any of its members (or their representatives) shall be liable for any fees or costs incurred by the Firm; (iii) the Firm has agreed to charge a blended rate of $400 per hour for partners and of counsel attorneys, $275 per hour for associates and $150 per hour for paralegal services; (iv) the Firm will not bill the estate for non-working travel time incurred for traveling to hearings or Committee meetings; and (v) the Firm will seek reimbursement of expenses at its cost or as otherwise allowed by the Court. It is understood that all fees and expenses are subject to approval by the Court.

9.  In order to ease the financial burden on the Committee, the Firm requests authority to reimburse the members of the Committee for their expenses incurred under Section 503(b)(3)(F) and to seek reimbursement for the same as an expense in the Firm's fee applications.

10. In addition to the foregoing, the Committee seeks waiver of the rules of this Court and the United States District Court for the Southern District of Iowa requiring the association of local counsel. Both the Debtor and the U.S. Trustee support the waiver of the requirement to

18478-001\DOCS_LA:161362.3

associate local counsel in light of the facts and circumstances of this case. In light of the Firm's experience with the electronic filing system utilized by the Bankruptcy Courts and this Court's tendency to hold telephonic hearings, the Committee believes that the Firm will be able to represent the Committee without the necessity of retaining local counsel; provided, however, that the Committee reserves the right to apply to the Court for authority to retain local counsel if necessary.

WHEREFORE, the Committee requests that this Court approve the employment of the Firm as its counsel, effective as of January 4, 2007, to render services as described above with compensation to be paid as an administrative expense in such amounts as this Court may hereafter determine and allow; and grant the Committee such other and further relief as the Court deems just and proper

Respectfully Submitted,

THE OFFICIAL COMMITTEE OF CREDITORS
HOLDING UNSECURED CLAIMS

By: /s/ *signature*
Name: Michl Uhde
Co-Chairman


By: _____
Name: Mike Gould
Co-Chairman

18478-001\DOCS_LA:161362.3

associate local counsel in light of the facts and circumstances of this case. In light of the Firm's experience with the electronic filing system utilized by the Bankruptcy Courts and this Court's tendency to hold telephonic hearings, the Committee believes that the Firm will be able to represent the Committee without the necessity of retaining local counsel; provided, however, that the Committee reserves the right to apply to the Court for authority to retain local counsel if necessary.

WHEREFORE, the Committee requests that this Court approve the employment of the Firm as its counsel, effective as of January 4, 2007, to render services as described above with compensation to be paid as an administrative expense in such amounts as this Court may hereafter determine and allow; and grant the Committee such other and further relief as the Court deems just and proper

Respectfully Submitted,

THE OFFICIAL COMMITTEE OF CREDITORS
HOLDING UNSECURED CLAIMS

By:_____
Name: Michl Uhde
Co-Chairman

By:_____
Name: Mike Gould
Co-Chairman

18478-001\DOCS_LA:161362.3

# EXHIBIT A

IN THE U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| IN RE<br>DIOCESE OF DAVENPORT,<br><br>Debtor. | Case No. 06-02229-lmj11<br><br>Chapter 11<br><br>Honorable Lee M. Jackwig |

**STATEMENT PURSUANT TO RULE 2014
AND AFFIDAVIT OF PROPOSED ATTORNEY**

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I, Hamid R. Rafatjoo, hereby state on oath as follows:

1. I am an attorney, duly admitted in the State of California and in this Court.

2. The law firm of Pachulski Stang Ziehl Young Jones & Weintraub LLP (the "Firm") has been selected to be employed as counsel for the Official Committee of Creditors Holding Unsecured Claims (the "Committee") in the above-captioned case. I am a partner in the Firm. The Firm and I maintain offices for the practice of law at 10100 Santa Monica Boulevard, 11th Floor, Los Angeles, CA 90067.

3. The Firm is comprised of approximately 56 attorneys with a practice concentrated on reorganization, bankruptcy, litigation and commercial issues. The Firm's attorneys have extensive experience representing creditors' committees, debtors, creditors, trustees and others in a wide variety of bankruptcy cases. The Firm has extensive experience in other states,

18478-001\DOCS_LA:161362.3

jurisdictions and bankruptcy proceedings in representing claimants who have been sexually abused by members of the clergy. Although other attorneys in the Firm will render services, the primary attorneys of the Firm who will render services on the Committee's behalf are Gillian N. Brown and me.

4. To the best of the knowledge and information available, the Firm and I have no connection with the Diocese of Davenport or any other party-in-interest herein.

5. The Firm and I claim and represent no interest adverse to the Committee herein, or the business matters upon which we are to be engaged.

6. Neither the Firm nor I are affiliated or have any connection with the Office of the United States Trustee or any of its employees.

7. The Firm and I have not received any transfer, assignment or pledge of property of the Debtor's estate or of the Committee as of the date of this Affidavit.

8. The Firm and I have not shared or agreed to share with any other person, other than with members of the Firm, any compensation to be paid with respect to this case.

9. The terms of employment agreed to with the Committee, subject to Court approval, are as follows: (i) no retainer will be paid to the Firm; (ii) neither the Committee nor any of its members (or their representatives) shall be liable for any fees or costs incurred by the Firm; (iii) the Firm has agreed to charge a blended rate of $400 per hour for partners and of counsel attorneys, $275 per hour for associates and $150 per hour for paralegal services; (iv) the Firm will not bill the estate for non-working travel time incurred for traveling to hearings or Committee meetings; and (v) the Firm will seek reimbursement of expenses at its cost or as

18478-001\DOCS_LA:161362.3

otherwise allowed by the Court. It is understood that all fees and expenses are subject to approval by the Court.

Dated January 22, 2007.

                              PACHULSKI STANG ZIEHL YOUNG JONES &
                              WEINTRAUB LLP

                              By _____
                                 Hamid R. Rafatjoo

                              10100 Santa Monica Boulevard, 11th Floor
                              Los Angeles, CA 90067
                              Telephone: (310) 277-6910
                              Facsimile: (310) 201-0760
                              HRafatjoo@pszyjw.com

State of California            )

County of Los Angeles    )

Subscribed and sworn to (or affirmed) before me on this 22nd day of January, 2007 by Hamid R. Rafatjoo, personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.



_____
Notary Public: Melisa DesJardien
My Commission Expires: [11/27/09]

18478-001\DOCS_LA:161362.3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies, under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this Court at whose direction the service was made, that a copy of the **APPLICATION OF OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS FOR APPROVAL OF EMPLOYMENT OF ATTORNEYS** to which this certificate is attached was mailed via the United States Mail with postage fully paid on the 23rd day of January, 2007, to the parties on the attached list.

_____
Melisa DesJardien

18478-001\DOCS_LA:161362.3

| **Debtor**<br>Diocese of Davenport<br>2706 Gaines Street<br>Davenport, IA 52804 | **Debtor's Counsel**<br>Richard A. Davidson<br>Lane & Waterman LLP<br>220 North Main Street, Suite 600<br>Davenport, IA 52801 | **United States Trustee**<br>Attn: James L. Snyder<br>Federal Building<br>210 Walnut Street, Suite 793<br>Des Moines, IA 50309-2108 |
|---|---|---|
| **REQUEST FOR SPECIAL NOTICE** | | |
| Thomas J. Salerno/Jordan A. Kroop<br>Squire, Sanders & Dempsey L.L.P.<br>Two Renaissance Square<br>40 North Central Avenue, Suite 2700<br>Phoenix, AZ 85004-4498 | **Counsel for Congregation of the Humility of Mary**<br>Marty L. Rowlet<br>Shuttleworth & Ingersoll, P.L.C.<br>115 Third Street, SE, Suite 500<br>P.O. Box 2107<br>Cedar Rapids, IA 52406-2107 | **Counsel for D. Michl Uhde, Michael Gould and other Tort Claimants**<br>Craig A. Levien<br>Betty, Neuman & McMahon, P.L.C.<br>600 Union Arcade Building<br>111 East Third Street<br>Davenport, IA 52801 |
| **Counsel for St. Paul Travelers Ins. Co. & St. Paul Travelers Companies**<br>Anita L. Shodeen<br>Beving,, Swanson & Forrest, P.C.<br>321 East Walnut, Suite 200<br>Des Moines, IA 50309 | **Chapter 7 Trustee for Don M. Uhde**<br>Wesley B. Huisinga<br>Shuttleworth & Ingersoll, P.L.C.<br>115 Third Street, SE, Suite 500<br>P.O. Box 2107<br>Cedar Rapids, IA 52406-2107 | **Counsel for St. Paul Fire & Marine Ins. Co. and Travelers Casualty & Surety Co.**<br>Michael P. Pompeo<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932-1047 |
| **Counsel for St. Paul Fire & Marine Ins. Co. and Travelers Casualty & Surety Co.**<br>Jean M. Golden/Patricia A. Ryan<br>Cassiday Schade LLP<br>20 North Wacker Drive, Suite 1040<br>Chicago, IL 60606-2903 | **Counsel for Regina Inter-Parish Catholic Educational Center, L.L.C.**<br>Thomas G. McCuskey<br>Thomas G. McCuskey, P.C.<br>P.O. Box 817<br>Cedar Rapids, IA 52406-0817 | |