IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| In the matter of<br><br>DIOCESE OF DAVENPORT,<br><br>Debtor. | Chapter 11<br>Case No. 06-02229-lmj11<br>Honorable Lee M. Jackwig |

## APPLICATION OF THE DIOCESE TO EMPLOY MCGLADREY & PULLEN, LLP AND RSM MCGLADREY AS ACCOUNTANTS AND AUDITORS FOR THE DEBTOR

COMES NOW Debtor, the Diocese of Davenport, ("Diocese") and hereby moves, pursuant to 11 U.S.C. §§ 327, 328, 1107 and Fed. R. Bankr. P. 2014 and 2016, to McGladrey & Pullen, LLP and RSM McGladrey ("McGladrey") as accountants and auditors for the Diocese, and in support thereof, states as follows:

1. On October 11, 2006, the Diocese filed a Voluntary Petition in the Southern District of Iowa under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"). The Diocese is operating as Debtor-in-Possession.

2. Pursuant to the policies established by the United States Catholic Conference of Bishops ("USCCB") and the Diocese's own policies, the Diocese, the Diocese annually retains McGladrey & Pullen to audit its financial statements and to provide it with an audit opinion. In addition, RSM McGladrey (an affiliate of McGladrey & Pullen, LLP) provides accounting and tax consultation advice to the Diocese.

3. It is necessary for the Diocese to employ certified public accountants in order to perform an audit of its books. The estimated cost for the audit is $23,000. The fees for the audit work will be charged on an hourly basis. In addition, consulting services will be provided to the Diocese in the form of accounting and tax advice from time to time through the remainder of the bankruptcy proceedings.

4. The Diocese believes it is necessary and prudent to employ McGladrey to audit its financial statements for its fiscal year ending June 30, 2007 and to employ McGladrey to provide accounting and tax advice to it through the remainder of the bankruptcy process.

5. The terms of employment agreed to by the Diocese, subject to Court approval are as follows:

   (a) No retainer will be paid to McGladrey;

   (b) McGladrey will charge the hourly rates which are set forth in the Declaration attached hereto;

   (c) McGladrey will seek reimbursement of out-of-pocket expenses without any markup; and

   (d) All fees and expenses payable to McGladrey will be subject to Court approval prior to payment.

6. Attached hereto as Exhibit "A" and incorporated herein by reference is a Declaration pursuant to Bankruptcy Rule 2004 and Affidavit of Robert L. Larsen, a partner with McGladrey. The Diocese and McGladrey believe that McGladrey and its professionals do not hold or represent any interest adverse to the interests of the Diocese and that McGladrey and its accountants are disinterested within the meaning of § 101 of the Bankruptcy Code.

WHEREFORE, the Diocese requests that the Court approve the employment of McGladrey as its accountants and auditors effective as of the date of filing, to render the services described herein; with compensation to be paid as an administrative expense in such amounts that the Court may hereafter determine and allow; and to grant such other and further relief as may be just and equitable in the circumstances.

Dated. June 28, 2007.

                        LANE & WATERMAN LLP

                        By___/s/ Richard A. Davidson_____
                            Richard A. Davidson
                            220 North Main Street, Suite 600
                            Davenport, IA 52801
                            563-333-6624
                            563-888-7841 Fax
                            rdavidson@l-wlaw.com
                            ATTORNEYS FOR DEBTOR,
                            DIOCESE OF DAVENPORT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| In the matter of<br><br>DIOCESE OF DAVENPORT,<br><br>                  Debtor. | Chapter 11<br>Case No. 06-02229-lmj11<br>Honorable Lee M. Jackwig |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of June, 2007, I caused to be served by the Court's electronic noticing system (to parties who have provided email addresses through the ECF System) a true and correct copy of the Application of the Diocese to Employ McGladrey & Pullen, LLP and RSM McGladrey as Accountants and Auditors for the Debtor.

The undersigned also hereby certifies that on the 29th day of June, 2007, he mailed, by First Class U.S. Mail, postage prepaid, a copy of the Application of the Diocese to Employ McGladrey & Pullen, LLP and RSM McGladrey as Accountants and Auditors for the Debtor to the following persons:

Jean M. Golden
Cassidy & Schade LLP
20 N. Wacker Dr., Suite 1040
Chicago, IL 60606


                                                /s/ Richard A. Davidson

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| In the matter of<br><br>DIOCESE OF DAVENPORT,<br><br>Debtor. | Chapter 11<br>Case No. 06-02229-lmj11<br>Honorable Lee M. Jackwig |

### DECLARATION PURSUANT TO BANKRUPTCY RULE 2004 AND AFFIDAVIT OF ROBERT L. LARSEN

STATE OF IOWA    )
                 ) ss:
COUNTY OF SCOTT  )

The undersigned, Robert L. Larsen, being first duly sworn, hereby states under penalty of perjury:

1. I am a resident of Scott County, Iowa and a partner in the firm of McGladrey & Pullen, LLP and am an officer of RSM McGladrey, Inc. (collectively "McGladrey").

2. McGladrey has been asked to become employed by the Diocese of Davenport as its accountants and auditors.

3. McGladrey maintains its offices at 201 N. Harrison Street, Ste. 300, Davenport, Iowa.

4. McGladrey and its professionals are licensed certified public accountants whose experience, knowledge and skills are capable of providing accounting, tax and auditing services to the Diocese.

5. To the best of my knowledge, information and belief, McGladrey and the professionals employed by McGladrey have no connection with or adverse interest in the Diocese of Davenport or any other party of interest in this case, and are disinterested persons within the meaning of Bankruptcy Code § 101(14). Services have been provided to the Diocese


EXHIBIT A

in the past and such services were paid in full prior to filing of the bankruptcy petition on October 11, 2006.

6. McGladrey has not received any transfer, assignment or pledge of property of the Debtor's estate as of the date of this statement.

7. McGladrey has not and will not share or agree to share with any other persons, other than with members of the McGladrey firm, any compensation to be paid in this case.

8. The terms of employment by the Diocese, subject to Court approval, are accurately and properly set forth in the Application and attachments hereto. It is expressly understood and agreed that all fees and expenses are subject to prior Court approval.

Signed under penalty of perjury.

Dated June 28, 2007.

*Robert L. Larsen*
Robert L. Larsen

Subscribed and sworn to before me the day and year first written above.

JENNIFER L. REYES
Notarial Seal – State of Iowa
Commission Number 147177
My Commission Expires June 2, 2008

*Jennifer L. Reyes*
Notary Public

2

# McGladrey & Pullen
Certified Public Accountants

June 25, 2007

McGladrey & Pullen, LLP
201 N Harrison St., Ste. 300,
Davenport, IA 52801-1992
O 563.888.4140 F 563.324.6939
www.mcgladrey.com

The Most Rev. Martin Amos, Bishop of Davenport
Diocese of Davenport
2706 Gaines Street
Davenport, Iowa 52806

This letter is to explain our understanding of the arrangements for the services we are to perform for Diocese of Davenport for the year ending June 30, 2007. We ask that you either confirm or amend this understanding.

We will perform an audit of Diocese of Davenport's financial statements as of and for the year ending June 30, 2007. We understand that the financial statements will be prepared in accordance with accounting principles generally accepted in the United States of America and that the Diocese has filed for bankruptcy under Chapter 11 and will report as such. The objective of an audit of financial statements is to express an opinion on those statements.

We will conduct the audit in accordance with auditing standards generally accepted in the United States of America. Those standards require that we plan and perform the audit to obtain reasonable, rather than absolute, assurance about whether the financial statements are free of material misstatement whether caused by error or fraud. Accordingly, a material misstatement, may remain undetected. Also, an audit is not designed to detect errors or fraud that are immaterial to the financial statements.

An audit of financial statements also includes obtaining an understanding of internal control sufficient to plan the audit and to determine the nature, timing and extent of audit procedures to be performed. An audit is not designed to provide assurance on internal control or to identify significant deficiencies or material weaknesses. However, we will communicate to you and to management any significant deficiencies or material weaknesses that become known to us during the course of the audit.

We will also communicate to the audit committee any (a) fraud involving senior management and other fraud that causes a material misstatement of the financial statements, (b) illegal acts that come to our attention (unless they are clearly inconsequential), (c) disagreements with management and other serious difficulties encountered in performing the audit and (d) various matters related to the entity's accounting policies and financial statements.

Management is responsible for the financial statements, including adjusting the financial statements to correct material misstatements, and for making all financial records and related information available to us. Management is responsible for providing us with a written management representation letter confirming certain representations made during the course of our audit of the financial statements and affirming to us that it believes the effects of any uncorrected misstatements aggregated by us during the current engagement and pertaining to the latest period presented are immaterial, both individually and in the aggregate, to the financial statements taken as a whole.

Management is responsible for establishing and maintaining effective internal control over financial reporting and for informing us of all significant deficiencies and material weaknesses in the design or operation of such controls of which it has knowledge.

McGladrey & Pullen, LLP is a member firm of RSM International –
an affiliation of separate and independent legal entities.

The Most Rev. Martin Amos, Bishop of Davenport
Diocese of Davenport
June 25, 2007
Page 2

Management is responsible for identifying and ensuring that the entity complies with the laws and regulations applicable to its activities, and for informing us about all known material violations of such laws or regulations. In addition, management is responsible for the design and implementation of programs and controls to prevent and detect fraud, and for informing us about all known or suspected fraud affecting the entity involving management employees who have significant roles in internal control and others where the fraud could have a material effect on the financial statements. Management is also responsible for informing us of its knowledge of any allegations of fraud or suspected fraud affecting the entity received in communications from employees, former employees, analysts, regulators, short sellers, or others.

The audit committee is responsible for informing us of its views about the risks of fraud within the entity, and its knowledge of any fraud or suspected fraud affecting the entity.

Diocese of Davenport hereby indemnifies McGladrey & Pullen, LLP and its partners and employees and holds them harmless from all claims, liabilities, losses and costs arising in circumstances where there has been a known misrepresentation by a member of Diocese of Davenport's management, regardless of whether such person was acting in Diocese of Davenport's interest. This indemnification will survive termination of this letter.

If circumstances arise relating to the condition of the Organization's records, the availability of sufficient, competent evidential matter, or indications of a significant risk of material misstatement of the financial statements because of error, fraudulent financial reporting, or misappropriation of assets which in our professional judgment prevent us from completing the audit or forming an opinion, we retain the unilateral right to take any course of action permitted by professional standards, including declining to express an opinion or issue a report, or withdrawal from the engagement.

From time to time and depending upon the circumstances, we may use third-party service providers to assist us in providing professional services to you. In such circumstances, it may be necessary for us to disclose confidential client information to them. We enter into confidentiality agreements with all third-party service providers and we are satisfied that they have appropriate procedures in place to prevent the unauthorized release of your confidential information to others.

During the course of our engagement, we may accumulate records containing data which should be reflected in the Organization's books and records. The Organization will determine that all such data, if necessary, will be so reflected. Accordingly, the Organization will not expect us to maintain copies of such records in our possession.

The assistance to be supplied by Organization personnel, including the preparation of schedules and analyses of accounts, has been discussed and coordinated with Charlene Maaske, Chief Financial Officer. The timely and accurate completion of this work is an essential condition to our completion of the audit and issuance of our audit report.

Our fees are based upon the time required by the individuals assigned to the engagement, plus direct expenses. We estimate our fees to be $18,900, plus approximately $2,000 to $4,000 relating to the reporting under bankruptcy. Interim billings will be submitted as work progresses and as expenses are incurred. Billings are due upon submission. This fee estimate will be subject to adjustments based on unanticipated changes in the scope of our work and/or the incomplete or untimely receipt by us of the information on the client participation list. All other provisions of this letter will survive any fee adjustment.

The Most Rev. Martin Amos, Bishop of Davenport
Diocese of Davenport
June 25, 2007
Page 3

Our professional standards require that we perform certain additional procedures, on current and previous years' engagements, whenever a partner or professional employee leaves the firm and is subsequently employed by or associated with a client. Accordingly, the Organization agrees it will compensate McGladrey & Pullen, LLP for any additional costs incurred as a result of the Organization's employment of a partner or professional employee of McGladrey & Pullen, LLP.

In the event we are requested or authorized by Diocese of Davenport or are required by government regulation, subpoena, or other legal process to produce our documents or our personnel as witnesses with respect to our engagements for Diocese of Davenport, Diocese of Davenport will, so long as we are not a party to the proceeding in which the information is sought, reimburse us for our professional time and expenses, as well as the fees and expenses of our counsel, incurred in responding to such requests.

Professional standards and our firm policies require that we perform certain additional procedures whenever our reports are included, or we are named as accountants, auditors, or "experts" in a document used in a public or private offering of equity or debt securities. Accordingly, the Organization agrees that it will not include our reports, or otherwise make reference to us, in any public or private securities offering without first obtaining our consent. Any request to consent is also a matter for which separate arrangements will be necessary. After obtaining our consent, the Organization also agrees to provide us with printer's proofs or masters of such offering documents for our review and approval before printing and with a copy of the final reproduced material for our approval before it is distributed. In the event our auditor/client relationship has been terminated when the Organization seeks such consent, we will be under no obligation to grant such consent or approval.

It is agreed by Diocese of Davenport and McGladrey & Pullen, LLP or any successors in interest that no claim arising out of services rendered pursuant to this agreement by or on behalf of Diocese of Davenport shall be asserted more than two years after the date of the last audit report issued by McGladrey & Pullen, LLP.

This letter constitutes the complete and exclusive statement of agreement between McGladrey & Pullen, LLP and Diocese of Davenport, superseding all proposals, oral or written, and all other communication with respect to the terms of the engagement between the parties.

If this letter defines the arrangements as the Organization understands them, please sign and date the enclosed copy and return it to us. We appreciate your business.

**McGladrey & Pullen, LLP**

*Robert L. Larsen*

Robert L. Larsen, Partner

RLL:sdw

Enclosures

Confirmed on behalf of the addressee:

_____

_____ ____, 20 ___

# McGladrey & Pullen
Certified Public Accountants

McGladrey & Pullen, LLP
201 N. Harrison St., Ste. 300, Davenport, IA 52801-1999
O 563.888.4140  F 563.324.6939
www.mcgladrey.com

June 28, 2007

Dick Davidson
Lane & Waterman
220 North Main Street, Suite 600
Davenport, Iowa 52801

Dear Dick:

Below is a schedule of our hourly rates for the Diocese of Davenport:

|  | McGladrey & Pullen, LLP | RSM McGladrey, Inc. |
|---|---|---|
| Robert Larsen, Partner | $ 375 | $ 431 |
| Sandy Moore, Partner | 375 | 431 |
| Kristi Seago, Manager | 175 | 175 |
| Nick Manternach, Staff | 126 | 126 |

McGladrey & Pullen, LLP

Robert L. Larsen, Partner

RLL:sdw

McGladrey & Pullen, LLP is a member firm of RSM International –
an affiliation of separate and independent legal entities.