IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| IN THE MATTER OF<br>DIOCESE OF DAVENPORT,<br><br>　　　　　　　　　　Debtor. | ) Case No. 06-02229-lmj11<br>)<br>) Chapter 11<br>)<br>) Honorable Lee M. Jackwig<br>)<br>) |

## MOTION FOR ORDER APPOINTING A LEGAL REPRESENTATIVE FOR UNKNOWN TORT CLAIMANTS AND MINORS

The Diocese of Davenport, the debtor and debtor in possession (the "Diocese" or the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee"), in the above captioned Chapter 11 reorganization case (the "Reorganization Case"), respectfully request that the Court enter an Order appointing a legal representative (the "Unknown Claims Representative") for Unknown Tort Claimants (defined below) and Minors (also defined below).

I.

BACKGROUND

1.　On October 10, 2006 (the "Petition Date"), the Diocese filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Pursuant to Sections1107 and 1108, the Diocese continues to operate and manage its affairs as a debtor in possession.

2.　On January 31, 2007 this Court entered an Order to establish a bar date for the filing of claims on or before July 15, 2007. Since that time, a total of 156 claims from victims of sexual abuse have been filed, a substantial number of which were filed within the final two weeks prior to the Bar Date.

1

18478-002\DOCS_LA:173028.2

3. The Diocese and the Committee have commenced the process of analyzing the claims. The Diocese and the Committee are continuing their comprehensive and extensive investigation and analysis to determine what liability insurance coverage may exist for the sexual abuse claims filed and are presently attempting to reconstruct insurance coverage for the periods of time when the Diocese has no actual insurance policies, but has secondary evidence of insurance coverage in various forms.

4. The Diocese and Committee continue their ongoing discussions regarding the structure of a joint and consensual plan of reorganization. One of the key elements of the plan is the appointment of an Unknown Claims Representative to represent the interests of Unknown Claimants and Minors. To this end, the parties have decided to nominate Michael Murphy of Alix Partners LLP as the Unknown Claims Representative.

5. It is necessary for the Diocese to be able to confirm a plan of reorganization that deals with current claims (disclosed or not), and any claims that might legitimately arise in the future based on the prepetition conduct of the Debtor. Therefore, it is necessary that all constituencies who assert or might assert claims against the Diocese arising out of sexual abuse by clergy or other workers associated with the Diocese have an opportunity to be heard in the Reorganization Case.

6. In filing this motion the Diocese and the Committee recognize that the appointment of an Unknown Claims Representative is akin to the appointment of another committee to represent the interests of persons holding Tort Claims. However, the Diocese and the Committee do not expect that the Unknown Claims Representative will materially increase the

administrative cost of the estate. The Diocese expects that the parties in this case will work cooperatively where the interests of their clients are similar in order to avoid unnecessary and unreasonable duplication of efforts and to preserve assets of the estate.

### A.  The Unknown Tort Claimants Hold Claims Under Bankruptcy Code

The applicable statute of limitations is codified in Iowa Code Section 614.8A:

> An action for damages for injury suffered as a result of sexual abuse which occurred when the injured person was a child, but not discovered until after the injured person is of the age of majority, shall be brought within four years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the sexual abuse.

I.C.A. § 614.8A.

In addition, the Bankruptcy Code defines a "creditor" as, among other things, an "entity that has a claim against the debtor that arose at the time of or before the" petition date. 11 U.S.C. § 101(10) (2007). The Bankruptcy Code defines a "claim" to be a

> (A)  right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or
>
> (B)  right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured[.]

11 U.S.C. §101(5) (2007).

In this case, there is a clear relationship between the Unknown Tort Claimants and the Diocese's conduct prior to the Petition Date. Thus, the Diocese submits that if the alleged abuse occurred prior to the Petition Date, then there necessarily existed a relationship between the Diocese's alleged conduct and the Unknown Tort Claimants

3

which can and should be treated in a plan of reorganization.

The Diocese and the Committee intend to file a Plan which will address all claims including Tort Claims and Unknown Tort Claims. Appointment of an Unknown Claims Representative is, therefore, necessary to enable the Court to issue valid and binding orders and judgments against persons determined to be Unknown Tort Claimants by enabling them, through their duly appointed representative, to participate in the reorganization process.

**B.      Appointment of a Legal Representative for Unknown Tort Claimants is Necessary and Proper Under the Circumstances**

The appointment of a representative to protect the interest of unknown claimants in Title 11 cases is well established. The concept of such a representative was widely adopted in the "mass tort" asbestos cases and ultimately codified as to asbestos claims under 11 U.S.C. § 524(g). In addition, in the other diocesan bankruptcy cases, the Bankruptcy Courts have also appointed future claims representatives. The Diocese and the Committee believe that the interests of the Unknown Tort Claimants should be represented by someone other than the Committee.

Thus, the Debtor and the Committee seek to appoint Michael Murphy of Alix Partners LLP[1] as the Unknown Claims Representative to represents the interest of the following groups of Unknown Tort Claimants:

---

[1] Alix Partners LLP currently serves as the claims agent in the case. The parties do not believe that the appointment of Mr. Murphy as the Unknown Claims Representative and the retention of Alix Partners LLP as his financial advisor creates a conflict. As noted in the Application of Future Claims Representative for Order Approving the Employment of Alix Partners LLP as Financial Advisors [Docket No. 177], Mr. Murphy will be charging the estate $350 per hour for his services.

4

18478-002\DOCS_LA:173028.2

a. Individuals under the age of 18 ("Minors") as of the Petition Date;

b. Individuals who recovered their repressed memories of sexual abuse after the Petition Date;

c. Individuals who had not, as of the Petition Date, discovered both the injury and the causal relationship between the injury and the sexual abuse; and/or

d. Individuals whose mental illness (including but not necessarily limited to, depression, post-traumatic stress disorder, and anxiety) tolled the statute of limitations applicable under Iowa law for bringing a claim of sexual abuse.

The Diocese believes that the claimants in the above four (4) categories hold current claims by virtue of past acts of abuse, even though such claims may be unknown as of the present time. Thus the Debtor proposes that the individual appointed pursuant to this Motion be called an "Unknown Claims Representative" and that those persons, if any, with such claims be referred to as "Unknown Claimants".

The Diocese has a very limited set of resources upon which it can draw to satisfy the present and unknown claims resulting from the sexual abuse by clergy and others in the Diocese. The main source of recovery for all creditors is from the insurance carriers. While the Debtor and the Committee's goal is to fairly compensate all creditors holding Tort Claims, regardless of whether those claims were scheduled for trial or have yet to be made. For that process to work, the insurance carriers must accept their liability for such claims and an Unknown Claims Representative must be appointed to represent the interests of the Unknown Tort Claimants.

5

II.

CONCLUSION

Wherefore the Diocese respectfully requests that the Court enter an Order granting the Motion and granting the Debtor and the Committee such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

/s/ Richard A. Davidson
Richard A. Davidson
LANE & WATERMAN LLP
220 North Main Street, Suite 600
Davenport, IA 52801
563-333-6624
563-888-7841 Fax
rdavidson@l-wlaw.com
ATTORNEYS FOR DEBTOR,
DIOCESE OF DAVENPORT

/s/ Hamid R. Rafatjoo
Hamid R. Rafatjoo(pro hac- IS9998402)
Gillian N. Brown (pro hac - IS9998401)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Flr.
Los Angeles, CA 90067-0760
ATTORNEYS FOR OFFICIAL
COMMITTEE OF UNSECURED
CREDITORS

18478-002\DOCS_LA:173028.2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies, under penalty of perjury, that a copy of the MOTION FOR ORDER APPOINTING A LEGAL REPRESENTATIVE FOR UNKNOWN TORT CLAIMANTS AND MINORS to which this certificate is attached was mailed via the United States Mail with postage fully paid on the 1st day of October, 2007 to the parties or persons displayed below, who were not served by the Court's electronic noticing system (parties that have provided email addresses through the ECF System).

*Valerie A. Ruhl*

Debtor
Diocese of Davenport
2706 Gaines Street
Davenport, IA 52804

Thomas J. Salerno/Jordan A. Kroop
Squire, Sanders & Dempsey L.L.P.
Two Renaissance Square
40 North Central Avenue, Suite 2700
Phoenix, AZ 85004-4498

Counsel for St. Paul Fire & Marine Ins. Co.
and Travelers Casualty & Surety Co.
Jean M. Golden/Patricia A. Ryan
Cassiday Schade LLP
20 North Wacker Drive, Suite 1040
Chicago, IL 60606-2903

18478-002\DOCS_LA:173028.2