IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| In the matter of<br><br>DIOCESE OF DAVENPORT,<br><br>Debtor. | Chapter 11<br>Case No. 06-02229-lmj11<br><br>*Date entered on docket: 5/1/2008* |

## ORDER CONFIRMING DEBTOR'S SECOND
## AMENDED JOINT PLAN OF REORGANIZATION

This matter comes before the Court pursuant to the Confirmation Hearing on the Second Amended Joint Plan of Reorganization dated as of April 3, 2008 (the "Plan") proposed by the Debtor and Debtor in Possession, Diocese of Davenport ("Diocese" or "Debtor") and the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned Chapter 11 reorganization case (the "Reorganization Case") and the Amended Disclosure Statement dated as of April 3, 2008 (the "Disclosure Statement"). Unless expressly stated in this Confirmation Order (the "Confirmation Order") capitalized terms used herein shall have the same meaning as set forth in the Plan.

The Court conducted a Plan confirmation hearing on April 30, 2008 (the "Confirmation Hearing"). In conjunction with the Confirmation Hearing, the Court considered (1) pleadings filed by the Diocese, the Committee, the Unknown Tort Claims Representative, and the other parties in interest related to confirmation; (2) statements and arguments of counsel for the Diocese, the Committee, the Unknown Tort Claims Representative; (3) the Plan, the Disclosure Statement, the Report on Balloting filed by the Diocese; (4) testimony live or by declaration of the witnesses called by the Diocese and Committee in support of confirmation of the Plan; (5) exhibits proffered and admitted at the Confirmation Hearing by the Diocese and Committee in support of the confirmation of the Plan; and (6) the entire record of the Reorganization Case.

Pursuant to findings, conclusions and statements of the Court at the conclusion of the Confirmation Hearing, which are incorporated into this Confirmation Order by reference as set forth fully herein, the entire record before the Court in the Reorganization Case, the Plan, the evidence and statements presented in support of the Plan, and being fully advised in the premises, the Court finds and concludes as follows:

**A.    The Plan.**

The Second Amended Joint Plan of Reorganization was filed on April 3, 2008 and the Amended Disclosure Statement was filed simultaneously therewith.

**B.    Disclosure Statement and Solicitation.**

On April 3, 2008, the Court entered an Order (1) approving the Disclosure Statement; (2) fixing a time for serving the Plan, Disclosure Statement, ballots and other solicitation documents; (3) fixing a deadline for voting and filing objections to confirmation of the Plan; and (4) setting a date and time for the Confirmation Hearing on the Plan (the "Disclosure Statement Order"). By Order dated April 2, 2008, the Court approved the procedure for estimation of votes of the Tort Claimants and the form of ballot to be submitted to and returned by Tort Claimants.

**C.    Voting.**

Voting on the Plan is summarized on the Report of Balloting filed by the Debtor based on the voting. Any further estimation of the Tort Claims would not change the outcome of the voting for Class 7.

**D.    Due, Proper and Adequate Notice of the Plan and the Disclosure Statement.**

Due, proper and adequate notice of the Plan and the Disclosure Statement was mailed and served in compliance with the Disclosure Statement Order and the Bankruptcy Rules to all those required to receive notice and the opportunity to vote on and/or object to the Plan. The Debtor

has complied in all respects with the Disclosure Statement Order, the Bankruptcy Code and the Bankruptcy Rules with respect to notice and opportunity to vote on and/or object to the Plan.

E.   **Jurisdiction to Issue Injunction.** This Court has jurisdiction pursuant to 28 U.S.C. §1334(a) and (b), 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 to approve the injunctive provisions of Article 18 of the Plan and to issue the injunctions provided for in Sections 18.4 and 18.5 of the Plan, which are integral parts of the Plan and essential to funding, implementation and consummation of the Plan.

F.   **Unknown Claims Fund.**

The Unknown Tort Claims Representative has exercised his sound and reasoned business judgment and agreed to the establishment of the Unknown Tort Claims Fund in the amount of $2,500,000. Adequate and credible evidence supports the amount allocated to the Unknown Tort Claims Fund.

The Unknown Tort Claims Representative exercised his sound and reasoned business judgment in representing the Unknown Tort Claimants, if any, and any Unknown Tort Claimants who might come forward after confirmation of the Plan shall have their Unknown Tort Claims determined and treated by the Special Arbitrator in accordance with the terms of the Plan and paid in accordance with the terms of the Plan and the Settlement Trust.

G.   **Findings of Fact and Conclusions of Law.**

Based on the findings of fact and conclusions of law stated on the record by the Court, which are incorporated herein by this reference, pursuant to Bankr. R. 7052 and Fed. R. Civ. P. 52(a), the Plan complies in all respects with each of the provisions of 11 U.S.C. § 1129(a) to the extent applicable to the Plan and the Reorganization Case, and the Debtor has met its burden of proving each of the applicable elements necessary for confirmation of the Plan. Because all

impaired Classes entitled to vote on the Plan voted to accept the Plan, 11 U.S.C. § 1129(b) does not apply.

## ORDER

It is therefore ORDERED as follows:

A. **Findings Incorporated.**

The foregoing findings and conclusions and the findings and conclusions stated on the record at the Confirmation Hearing are incorporated herein and form a part of this Confirmation Order.

B. **Objections Overruled and Plan Confirmed and Settlement Trust Established.**

1. All objections, if any, to confirmation of the Plan that have not been withdrawn, waived or settled are overruled on the merits.

2. The Plan, including its exhibits, attachments and documents incorporated by reference, is hereby approved and confirmed in all respects and in its entirety in accordance with Bankruptcy Code § 1129.

3. The form of the Settlement Trust Agreement attached to the Plan is hereby approved and the allocations of the assets to the funds under the Settlement Trust are hereby approved.

4. Robert L. Berger is hereby appointed as trustee of the Settlement Trust (the "Settlement Trustee") and Richard M. Calkins is hereby appointed as Special Arbitrator. The Trustee and the Special Arbitrator are vested with the powers set forth in the Plan and the Settlement Trust. All decisions of the Special Arbitrator shall be final and there shall be no right of appeal, as provided in the Plan.

5. The Settlement Trust shall be funded by a transfer and payment of Cash as of the Effective Date of the Plan and the delivery of the deed as contemplated by the Plan. As of the Effective Date, the Settlement Trust shall be vested with the Trust property, free and clear of all

claims, liens, security interests, assignments, encumbrances, charges and other interests of the Creditors, except the Tort Claims and other obligations of the Settlement Trust under the Plan.

C.      **Plan is Binding.**

1.      Subject only to the provisions of the Plan, and notwithstanding other applicable law, the terms of the Plan and this Confirmation Order are deemed binding upon the Debtor, any and all holders of all Claims, and any and all non-debtor parties as provided in Article 18 of the Plan, and any and all non-debtor parties to executory contracts and/or unexpired leases with the Debtor, and any and all parties to the settlements, compromises and injunctions described in the Plan and the settlements approved by the Court in the Reorganization Case, and all of their respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing. All Claimants, Tort Claimants and Unknown Tort Claimants, whether or not they file a Proof of Claim, are bound by the provisions of the Plan and this Confirmation Order.

2.      The Permanent Injunction Against Prosecution of Channeled Claims and the Settling Insurer Injunction as set forth in Article 18 of the Plan are hereby approved and shall be effective on and after the Effective Date. Except as otherwise provided in the Plan and this Confirmation Order and subject to Section 13.7 of the Plan, on the Effective Date, pursuant to Bankruptcy Code § 1141(d), the Debtor and Reorganized Debtor shall be discharged from, and its liability extinguished completely, with respect to any Claim, including Tort Claims and Unknown Tort Claims, but excluding any post-petition abuse claims which shall not be discharged, and any post-confirmation obligations of the Reorganized Debtor under the Plan. Such discharge shall apply to any Claim, whether reduced to judgment or not, liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, fixed or not, matured or un-matured, disputed or undisputed, legal or equitable, known or unknown, that arose from or occurred before the Petition Date, whether or not a Proof of Claim is filed or deemed to be filed

5

under Bankruptcy Code § 501, whether or not such claim is allowed under Bankruptcy Code § 502 and whether or not a holder of such claim has accepted the Plan. Notwithstanding the foregoing, (i) nothing in the Plan or the Confirmation Order shall discharge any obligations of the Debtor or Reorganized Debtor under the Settlement Agreements approved by the Court and such obligations shall survive the Confirmation of the Plan; and (ii) nothing herein will impair, affect or release the rights of any Non-Settling Insurer with respect to any Tort Claims, including all Insurance Company Defenses.

3. Except as otherwise provided in the Plan or this Confirmation Order, on the Effective Date the Reorganized Debtor shall be vested with all property of the Estate, free and clear of all Claims, liens, encumbrances, charges and other interests of the creditors and shall thereafter hold, use, dispose and otherwise deal with such property, operate its business, and carry on its business, operations, ministry and mission free of any restrictions imposed by the Bankruptcy Code. All Avoidance Actions (except those specifically excluded), all Contribution Actions, and all Insurance Recoveries are hereby preserved to and for the benefit of the Reorganized Debtor or the Settlement Trust, as provided in the Plan. The Court shall retain jurisdiction for certain purposes as provided in Article 21 of the Plan. The Court's retention of jurisdiction shall not and does not affect the finality of this Confirmation Order. Prior to the Effective Date, the Diocese and its employees, attorneys, agents and representatives are authorized and empowered to take all actions necessary or appropriate to consummate the transactions contemplated by the Plan, the Plan Documents, and to perform thereunder. The Bishop or any other authorized officer of the Diocese is authorized and empowered to execute and deliver the Plan documents substantially in the form submitted and such other documents as may be necessary or desirable to consummate the transactions under the Plan. Upon and after the Effective Date, the Diocese, as the Reorganized Debtor, is authorized and empowered to conduct

its business, operations, mission and ministry and to own and dispose of its property without further approval of the Court, except as otherwise provided in the Plan.

4. Pursuant to the Plan and the Confirmation Order, on the Effective Date the Reorganized Debtor is specifically authorized and directed to transfer the title to the Chancery property to the Settlement Trust.

5. Within 30 days after the Effective Date, the Reorganized Debtor shall file with the Court a certificate confirming that the Effective Date has occurred with notice thereof to be given pursuant to Fed. R. Bankr. P. 2002(f) and shall request that the Court enter a final Decree.

D. **Executory Contracts.**

Upon the Effective Date, Debtor is authorized and shall be deemed to assume, reject, and/or abandon executory contracts and unexpired leases as provided in the Plan. The Court shall decide any disputes regarding cure amounts or other issues related to assumption, rejection or abandonment after further notice and opportunity for hearing.

E. **Approvals and Authorizations not Exclusive.**

The approvals and authorizations specifically set forth in this Order are nonexclusive and not intended to limit the authority of the Debtor, the Reorganized Debtor, the Special Arbitrator, the Settlement Trustee or any other party in interest from taking any and all actions necessary to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order. In addition to the authority specifically granted by this Confirmation Order, the Debtor, the Special Arbitrator, the Settlement Trustee and any other party in interest are authorized and empowered to take any and all such actions as any such person may determine are necessary or appropriate to implement, effectuate and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order, in accordance with Bankruptcy Code § 1142, without the need for any consent from any governing

or advisory bodies, and such actions shall be deemed taken by unanimous action of such governing or advisory bodies.

**F.     No Stamp, Recording, Etc. Tax.**

Pursuant to § 1146 of the Bankruptcy Code, (a) the issuance, transfer or exchange of notes or equity securities, (b) the creation or recordation of any mortgage, deed or trust, lien, pledge or other security interest, (c) the making or assignment of any lease or sublease, or (d) the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with, this Plan, including, without limitation, any merger agreements, agreements of consolidation, restructuring, disposition, liquidation or dissolution, deeds, bills of sale, and transfers of tangible property, are not subject to any stamp tax, recording tax, personal property tax, real estate transfer tax, or other similar tax. Any transfers pursuant to the Plan shall not be subject to any such taxes, and the appropriate state or local government officials or agents are hereby directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

**G.     Construction of Order with Plan.**

The failure to specifically include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety. The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each, provided, however, that if there is deemed to be any inconsistency between any Plan provision and any provision of this Order that cannot be so reconciled, then, solely to the extent of the inconsistency, the provisions of this Order shall govern and any such provisions of this Order shall be deemed a modification of the Plan and shall control and take precedence.

**H.     Plan Trust a Qualified Settlement Fund.**

The Parties intend the Settlement Trust to be a Qualified Settlement Fund as defined in Treasury Regulation § 1.468B-1. Therefore, the Parties shall take all action necessary to ensure qualified settlement fund treatment for the Settlement Trust. Without limitation, the Debtor and the Settlement Trust shall make the appropriate elections under Treasury Reg. § 1.468B-1(k) to be treated as a grantor trust. If it is determined that the Debtor can only make the grantor trust election with respect to a portion of the fund, the Party or Parties eligible to make the election with respect to the reminder of the fund shall make such election. If necessary, the Settlement Trustee may divide the Settlement Trust into several separate trusts for the purposes of obtaining qualified settlement fund treatment and the grantor trust election under section 1.468B-1(k) with respect to each such portion. Any such administrative division shall not affect the rights of any claimants to the funds in the Settlement Trust.

**I.     U.S. Trustee Fees.**

All fees under 28 U.S.C. § 1930 owing as of the Confirmation Date will be paid on or before the Effective Date by the Debtor.

**J.     Permanent Injunction Against Prosecution of Channeled Claims.**

*Subject to Section 13.7 of the Plan and the assertion of Insurance Company Defenses, on and after the Effective Date and for the consideration described in the Plan and in Section 18.2, all Persons and Entities who have held or asserted, hold or assert, or may in the future hold or assert a Channeled Claim are hereby permanently stayed, enjoined, and restrained from taking any action, directly or indirectly for the purposes of asserting, enforcing or attempting to assert or enforce any Channeled Claim, including: (a) commencing or continuing in any manner, any action or any other proceeding of any kind with respect to any Enjoined Claim or Channeled Claim against any Settling Parties or the property of the*

*Settling Parties; (b) seeking the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree, or order against the Settling Parties or the property of the Settling Parties, with respect to any Enjoined Claim or Channeled Claim; (c) creating, perfecting, or enforcing any encumbrance or lien of any kind against any Settling Parties or the property of any Settling Parties with respect to any Enjoined Claim or Channeled Claim; (d) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due to the Settling Parties with respect to any Enjoined Claim or Channeled Claim; and (e) taking any act, in any manner and in any place whatsoever, that does not conform to or comply with provisions of the Plan. Such injunction is referred to as the "Channeling Injunction." In the event any Person or Entity takes any action that is prohibited by, or is otherwise inconsistent with the provisions of the Channeling Injunction, the Plan or Confirmation Order, then, upon notice to the Court by an affected Party, the action or proceeding in which the Claim of such Person or Entity is asserted will automatically be transferred to the Bankruptcy Court or the U.S. District Court for enforcement of the provisions of the Channeling Injunction, the Plan or Confirmation Order.*

K.      **Settling Insurer Injunction.**

*On and after the Effective Date and for the consideration provided under the Plan, the Insurance Settlements and Settlement Agreements, all Persons and Entities who have held or asserted, hold or assert, or may in the future hold or assert an Enjoined Claim are hereby permanently stayed, enjoined, and restrained from taking any action, directly or indirectly for the purposes of asserting, enforcing or attempting to assert or enforce any Enjoined Claim, including: (a) commencing or continuing in any manner, any action or any other proceeding of any kind with respect to any Enjoined Claim against any Settling Insurer, and its respective predecessors, successors, officials, shareholders, subsidiaries, parents, divisions, affiliates,*

10

*members, officers, directors, employees, representatives, attorneys, merged or acquired companies or operations or assigns (collectively, the "Settling Insurer Parties") or the property of the Settling Insurer Parties; (b) seeking the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree, or order against the Settling Insurer Parties or the property of the Settling Insurer Parties, with respect to any Enjoined Claim; (c) creating, perfecting, or enforcing any encumbrance or lien of any kind against any Settling Insurer Parties or the property of any Settling Insurer Parties with respect to any Enjoined Claim; (d) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due to the Settling Insurer Parties with respect to any Enjoined Claim; and (e) taking any act, in any manner and in any place whatsoever, that does not conform to or comply with provisions of the Plan or Settlement Agreement. Such injunction is referred to as the "Settling Insurer Injunction." In the event any Person or Entity takes any action that is prohibited by, or is otherwise inconsistent with the provisions of this Settling Insurer Injunction, the Plan or Confirmation Order, then, upon notice to the Court by an affected Party, the action or proceeding in which the Claim of such Person or Entity is asserted will automatically be transferred to the Bankruptcy Court or the U.S. District Court for enforcement of the provisions of the Settling Insurer Injunction, the Plan or Confirmation Order.*

L.     **Insurance Neutrality.**

Subject to Sections 18.5 and 18.6 of the Plan, nothing in the Plan or Confirmation Documents shall be construed to resolve in any way the Reorganized Debtor's or any other Entity's Claims or rights (either as assignee of any insurance proceeds payable to Debtor and/or Catholic Entities, in its own right or otherwise) against the Non-Settling Insurers, including, without limitation, any and all Insurance Claims and Contribution Actions. No provision of the

11

Plan, the Plan Documents, the Release of Claims or the Confirmation Documents will in any way operate or be construed to release or impair, or have the effect of impairing or releasing, the Non-Settling Insurers' legal, equitable, or contractual rights relating to the Insurance Policies issued or allegedly issued by any Non-Settling Insurers. It is intended that the settlement provided for in the Plan with the Tort Claimants, including the Unknown Tort Claimants, shall inure to and for the benefit of the Settling Parties and shall not, directly or indirectly, inure to or for the benefit of any Non-Settling Insurers.

Notwithstanding any other provision of the Confirmation Documents including any preemptory or supervening provisions but subject to Sections 18.5 and 18.6 of the Plan, none of the Confirmation Documents or any order of the Court shall in any way operate to or have the effect of impairing the legal, equitable or contractual rights of any Non-Settling Insurer that insured or is alleged to have insured a Non-Debtor, including its right to assert any Insurance Company Defenses, which rights are fully preserved. As to any Non-Settling Insurer, none of the Confirmation Documents shall be, or be binding as, *res judicata* or collateral estoppel, or constitute a trial or hearing on the merits or an adjudication or judgment as to any Tort Claim, Contribution Action, Insurance Claim, or assertion of Insurance Company Defenses. No order, determination, conclusion or finding made in the Reorganization Case, including the Confirmation Order, or any appeal therefrom, will be used, offered, cited or argued in or as to any Insurance Claim or Contribution Action against a Non-Settling Insurer, except to: (i) show that the letter and intent of the Plan is to preserve the Insurance Company Defenses and insurance neutrality as set forth in Section 13.7 of the Plan; (ii) ensure preservation of rights and obligations set forth in Section 11.15 of the Plan; (iii) ensure the preservations and protections of Non-Settling Insurers rights set forth in the order approving the Settlement Agreement; and/or (iv) enforce subject to 18.6 of the Plan the Settling Insurer Injunction set forth in Section 18.5 of the Plan.

As to any Non-Settling Insurer, none of the Confirmation Documents or any order of the Court shall be, or be binding as, *res judicata* or collateral estoppel, constitute a trial or hearing on the merits, or an adjudication or judgment, or be argued, cited or offered into evidence or used for any purpose to prove or show (including, without limitation proving or showing in or as to any Insurance Claim or Contribution Action or other litigation concerning an Insurance Policy or the obligations of any Non-Settling Insurer):

(i) that the Confirmation Documents constitute a judgment, settlement or resolution of any Tort Claim;

(ii) that any Non-Settling Insurer participated in the negotiation of the Plan;

(iii) that any Non-Settling Insurer is liable for, or otherwise obligated to pay, with respect to any Tort Claim;

(iv) that any Non-Debtor (including Sacred Heart Cathedral), Reorganized Debtor or the Settlement Trust (including the Special Arbitrator or Settlement Trustee) or any other Person or Entity have satisfied any term or condition for payment from any Insurance Company, or whether any obligation of any Non-Settling Insurer has been triggered;

(v) that any Non-Debtor (including Sacred Heart Cathedral), Debtor, Reorganized Debtor, the Settlement Trust (including the Special Arbitrator and Settlement Trustee) or any other Person or Entity have suffered an insured loss or that the amount paid by the Non-Debtor (including Sacred Heart Cathedral) to the Debtor, Reorganized Debtor or the Settlement Trust in connection with any settlement or resolution of Tort Claims is reasonable or appropriate;

(vi) that the procedures and values established by the Plan and other Confirmation Documents, including the Matrix Protocol, for evaluating and paying the Tort Claims are (x)

13

appropriate or reasonable, (y) consistent with any procedures to evaluate or settle Tort Claims before the Petition Date or (z) reasonable or consistent with any procedures used to evaluate or settle Tort Claims;

(vii) that the settlement of, Resolution for Payment of, or the value assigned to, any individual Tort Claim, pursuant to the Plan, including the Matrix Protocol, or by the Settlement Trustee or Special Arbitrator, is reasonable and/or otherwise appropriate, or relates in whole or in part to the liability of any Catholic Entity (including Sacred Heart Cathedral) other than the Debtor as opposed to the liability of the Debtor, Perpetrator or other Non-Debtor;

(viii) any Catholic Entity (including Sacred Heart Cathedral) other than the Debtor is liable for, or otherwise obligated to pay, with respect to any Tort Claim;

(ix) that the conduct of any Person or Entity in connection with the negotiation, development and/or implementation of the Plan and other Confirmation Documents is consistent with any requirement of any Insurance Policy or otherwise reasonable or appropriate; or

(x) that any tender of claims to a Non-Settling Insurer is appropriate or effective under applicable State law.

The determination or Resolution for Payment by the Special Arbitrator or Settlement Trustee with respect to a Tort Claim shall have no presumption, preclusive, *res judicata* or collateral estoppel effect against a Non-Settling Insurer.

If the Plan or other Confirmation Document is argued, cited, offered or used in connection with any Insurance Claim, Contribution Action or other litigation concerning an Insurance Policy or obligations of a Non-Settling Insurer for any purpose not prohibited by Section 13.7 of the Plan, only the relevant portions of the Plan or other Confirmation Document

shall be argued, cited, offered or used and the Plan shall have the status of a private contract with no judicial approval and the court or trier of fact shall be so advised. A Confirmation Document may be used to show the terms of the settlement between the Diocese and the Parishes (including Sacred Heart Cathedral), but only to the extent such settlement is not shown in any other document and only the relevant portions of the Document may be used for that purpose.

The rights and obligations of the Debtor, the Settlement Trust (including the Special Arbitrator and Settlement Trustee), the Reorganized Debtor, the Non-Settling Insurers, and any Non-Debtor, any Contribution Action or other litigation pertaining to an Insurance Policy coverage or Non-Settling Insurer obligations shall be determined by a Court of competent jurisdiction under the Insurance Policies and applicable law.

**M.      Term of Injunctions or Stays and Confirmation of Insurance Settlements.**

All injunctions or stays provided for in the Plan and this Confirmation Order, the injunctive provisions of sections 524 and 1141 of the Bankruptcy Code, and all injunctions or stays protecting Settling Parties and Settling Insurer Parties are permanent and will remain in full force and effect following the Effective Date forever.

**N.      Reporting on Non-Monetary Undertakings.**

The Reorganized Debtor shall ensure compliance with the Non-Monetary Undertakings by the Catholic Entities as provided in Article 24 of the Plan and shall file a report with the Court each year for three years after the entry of the Confirmation Order confirming compliance with the provisions of Article 24 of the Plan by the Reorganized Debtor and the Catholic Entities.

**O.      No Stay.**

The stay set forth in Bankruptcy Rule 3020(e) shall not apply to this Order and this Order shall be enforceable immediately.

~~DATED: May _____, 2008~~

                                         **/s/ Lee M. Jackwig**
                                         THE HONORABLE LEE M. JACKWIG
                                         Chief U.S. Bankruptcy Judge for the
                                         Southern District of Iowa

```
Parties receiving this Order from the Clerk of Court:
Electronic Filers in this Chapter Case
```