IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

|  |  |  |
|---|---|---|
| IN THE MATTER OF | ) | Case No. 06-02229-lmj11 |
| DIOCESE OF DAVENPORT, | ) | |
|  | ) | Chapter 11 |
|  | ) | |
|  | ) | Honorable Lee M. Jackwig |
| Debtor. | ) | |

## SETTLEMENT TRUSTEE'S RESPONSE TO APPLICATION FOR ORDER REGARDING TORT CLAIMANTS WHO FILED BANKRUPTCY [DOCKET NO. 339]

COMES NOW Robert L. Berger, the Settlement Trustee (the "Settlement Trustee") of the

Diocese of Davenport Qualified Settlement Trust (the "Settlement Trust"), to respond to the

*Application for Order Regarding Tort Claimants Who Filed Bankruptcy*, filed September 4, 2008

(Docket No. 339) (the "Application").

### I.    Introduction

1.    Among the Settlement Trustee's obligations in this bankruptcy case are

overseeing the compensation to allowed tort claimants, and maintaining and administering the

Settlement Trust. *See Diocese of Davenport Settlement Trust Agreement for Qualified Settlement

Fund* (the "Settlement Trust Agreement"), Articles 3, 5b-5c. In the immediate future, the

Settlement Trustee will receive instructions from the Special Arbitrator, Richard Calkins, as to the

amount of distributions (the "Distributions"), if any, that the Settlement Trustee should provide

each tort claimant out of the Settlement Trust. In making the Distributions, the Settlement

Trustee must maintain the confidentiality of tort claimants' identities and other personal information. See **Exhibit 1**, attached hereto.[1]

2.      The Settlement Trustee has no opinion as to whether any Distribution from the Settlement Trust to a tort claimant is property of any tort claimant's personal bankruptcy estate. *See* Application, ¶8. The Settlement Trustee responds to the Application in order to propose procedures whereby he will handle the potentially competing interests of tort claimants and the bankruptcy trustees who preside over those tort claimants' personal bankruptcy cases. (The tort claimants in this bankruptcy case are the debtors in their personal bankruptcy cases. In order to keep the terminology simple, this Response refers to "tort claimants" and not "debtors").

## II.     Background Facts

3.      The Settlement Trustee's counsel maintains a set of copies of each of the proof of claim forms filed in this bankruptcy case. The Settlement Trustee's counsel has reviewed those proofs of claim and calculated that, in response to a question on the form, 21 tort claimants disclosed under oath that they had filed personal bankruptcies prior to filing their proofs of claim in this bankruptcy case. *See* **Exhibit 2**, attached hereto.

4.      The Settlement Trustee does not know, nor is he responsible for inquiring, whether any of the sexual abuse tort claimants failed to disclose that they had filed personal bankruptcy cases before filing their proofs of claim. The Settlement Trustee also does not know,

---

[1]   Exhibit 1 provides a true and correct copy of the confidentiality protocol in this bankruptcy case, which the Court approved in the *Order Granting Joint Motion of Debtor and Official Committee of Unsecured Creditors for an Order: (1) Vacating Existing Bar Date for Filing of Proofs of Claim,* et al. (Docket No. 97), entered March 16, 2007 (the "Bar Date Order"), at Exhibit D thereto.

and is not responsible for inquiring, if any tort claimants filed personal bankruptcy cases after

filing their proof of claim forms. (The bar date in this case was July 19, 2007). *See also*

Reorganized Debtor's Response to the Application, filed September 17, 2008 (Docket No. 347)

("Other than the information supplied on the claim forms, Debtor's counsel has no way of

knowing which claimants may have previously filed bankruptcy petitions.").

     5.     Of those 21 tort claimants who disclosed prior personal bankruptcy filings, the

information available to the Settlement Trustee on the proof of claim forms and in the course of

the Settlement Trustee's inquiries[2] indicates as follows:

     a.     10 of the personal bankruptcy cases were filed in Iowa (Tort Claimant

     Nos. 29, 54, 70, 72, 79, 99, 119, 120, 124, and 132):

     i.     Of those 10 cases, 5 of the tort claimants identified the bankruptcy

     trustees in those cases:  Movant Huisinga is identified as the

     bankruptcy trustee in 2 of those cases (Tort Claimant Nos. 99 and

     119); Sheryl Youngblut, A. Fred Berger (no relation to the

     Settlement Trustee, Robert L. Berger), and Burton H. Fagan are

     identified as the bankruptcy trustees in 3 of the other cases

     (respectively, for Tort Claimant Nos. 29, 54, and 132).

---

[2] Although the Settlement Trustee has no obligation to inquire about personal bankruptcy issues, he has undertaken
the following efforts: his counsel have researched the personal bankruptcy case numbers of Tort Claimant Nos. 44,
54, and 137 based on the partial information that those tort claimants provided on their proof of claim forms; and his
counsel has sent a letter to Tort Claimant No. 122, who did not provide any identifying information about her
personal bankruptcy case.  Tort Claimant No. 122 has not yet responded.

18478-004\DOCS_LA:189940.5        3

b.  1 of the personal bankruptcy cases was filed in Florida (Tort Claimant No. 71);

c.  1 of the personal bankruptcy cases was filed in Maryland (Tort Claimant No. 137);

d.  1 of the personal bankruptcy cases was filed in California (Tort Claimant No. 19 & 114);

e.  1 of the personal bankruptcy cases was filed in Washington State (Tort Claimant No. 154);

    i.   Movant Bruce P. Kriegman is identified as the bankruptcy trustee in this case.

f.  1 of the personal bankruptcy cases was filed in Illinois (Tort Claimant No. 139);

g.  1 of the personal bankruptcy cases was filed in Nebraska (Tort Claimant No. 44);

h.  1 of the personal bankruptcy cases was filed in Virginia (Tort Claimant No. 87); and

i.  4 of the personal bankruptcy cases were filed in undisclosed locations (Tort Claimant Nos. 91, 95, 96, and 122):

    i.   On their proof of claim forms in this bankruptcy case, these four tort claimants did not provide information about the venue where

they filed their personal bankruptcy cases, the case number, or the bankruptcy trustee.

ii.     Attorneys Patrick Noaker and Craig Levien represent Tort Claimants Nos. 91, 95, and 96. Attorneys Noaker and Levien are attempting to locate or have located the venue, case number, and/or bankruptcy trustees relating to those personal bankruptcy cases.

iii.    Tort Claimant No. 122 is not represented by counsel in this bankruptcy case. Although he has no obligation to do so, the Settlement Trustee has contacted Tort Claimant No. 122 in order to locate the venue of, case number of, and bankruptcy trustee in her personal bankruptcy case. To date, Tort Claimant No. 122 has not provided the requested information to the Settlement Trustee.

6.      Because of the confidentiality protocol in this bankruptcy case, neither the Settlement Trustee nor his counsel has disclosed names of any sexual abuse tort claimants to any chapter 7 trustees.

7.      The Settlement Trustee has no obligation under the Plan or the Trust Agreement to determine whether tort claimants truthfully filled out their proof of claim forms under oath to disclose personal bankruptcy filings. All of the Settlement Trustee's analysis with regard to tort claimants' personal bankruptcy filings relies upon the information that tort claimants provided in their proofs of claim forms filed in this bankruptcy case.

### III.    Settlement Trustee's Proposal Re Represented Tort Claimants

8.      Thirteen of the 21 tort claimants who self-identified as having filed personal bankruptcy cases are represented in Diocese of Davenport bankruptcy case by Attorneys Noaker and Levien. Those tort claimants are identified by the following proof of claim numbers: 19 & 114, 70, 71, 72, 79, 87, 91, 95, 96, 99, 119, 120, and 124 (the "Represented Tort Claimants").

9.      Attorneys Noaker and Levien are discussing with bankruptcy trustees in their clients' personal bankruptcy cases potential resolutions of the issues relating to the Disbursements.

10.      The Settlement Trustee proposes that he handle the Represented Tort Claimants and their personal bankruptcy case trustees in the following fashion:  The Settlement Trustee will not make any payment of the Distribution to the Represented Tort Claimants prior to December 15, 2008 unless (i) he has received written confirmation from the bankruptcy trustee in the personal bankruptcy case of the Represented Tort Claimant that she does not claim any interest in the Disbursement, or (ii) the bankruptcy court presiding over the personal bankruptcy case issues an order providing in sum or substance that the bankruptcy trustee is not entitled to any of the Disbursement.  If, by December 15, 2008, the Settlement Trustee does not receive either (a) a letter from the bankruptcy trustee indicating that he or she has no interest in the Disbursement, or (b) a motion that the bankruptcy trustee filed with the bankruptcy court presiding over the personal bankruptcy case to reopen the case or otherwise address the disposition of the Disbursement in the personal bankruptcy case, then the Represented Tort Claimants will be subject to the same procedure as the other 8 tort claimants who self-identified as having filed

personal bankruptcy cases but who are not represented by Attorneys Noaker and Levien, as set

forth in Section IV, below.  Otherwise, the Settlement Trustee will follow the bankruptcy

trustee's confirmation or the order issued by the bankruptcy court in the personal bankruptcy

case.

### IV.    Settlement Trustee's Proposal Re Non-Represented Tort Claimants

11.    The following proposal suggests a means by which the Settlement Trustee will

handle the payment of the awards owed to the 8 tort claimants who self-identified on their proof

of claim forms that they had filed a personal bankruptcy case but who are not represented by

counsel in this bankruptcy case.  These tort claimants are identified by proof of claim numbers

29, 44, 54, 122, 132, 137, 139, and 154 (the "Non-Represented Tort Claimants").  (This proposal

may also apply to certain Represented Tort Claimants about whom the Settlement Trustee did

not receive a letter from the bankruptcy trustee or an order from the bankruptcy court presiding

over the personal bankruptcy case, as set forth in Section III, above.).

12.    The Settlement Trustee will not make payment to the Non-Represented Tort

Claimants at the time that he makes Distributions to tort claimants who did not disclose any

personal bankruptcy filing on their proof of claim forms in this case.

13.    The Settlement Trustee will inform the Non-Represented Tort Claimant by letter

that she will not be paid any part of the Distribution until she provides the Settlement Trustee

with the following information: (1) the year she filed for personal bankruptcy protection; (2)

whether she filed a case under chapter 7, 11, or 13; (3) the case number; (4) the location where

she filed the bankruptcy case; (5) her bankruptcy lawyer's name, address, and telephone number

(if applicable); and (6) the name, address, and telephone number of the bankruptcy trustee who handled her personal bankruptcy case. (Although not required, the Settlement Trustee has already requested this information from Non-Represented Tort Claimant No. 122).

14.    Once the Non-Represented Tort Claimant provides this requested information to the Settlement Trustee, the Settlement Trustee or his counsel will contact the bankruptcy trustee in the personal bankruptcy case (or, if no bankruptcy trustee can be identified, the United States Trustee for the district where the bankruptcy case was filed) to request that she sign a confidentiality agreement (in the form attached hereto as **Exhibit 3**)[3] within 10 calendar days. Once the confidentiality agreement is signed, the Settlement Trustee or his counsel will disclose to the bankruptcy trustee the name of the Non-Represented Tort Claimant. Within 30 calendar days of signing the confidentiality agreement, the bankruptcy trustee shall provide the Settlement Trustee with an estimated accounting of the full amount of the scheduled, unsecured claims in the personal bankruptcy case[4] plus interest thereon (at the federal judgment rate) plus all bankruptcy trustee fees and administrative fees to reopen the case to arrive at an amount the bankruptcy trustee believes is sufficient to pay all debts, fees, and costs in the personal bankruptcy case (the "Estimate"). If the bankruptcy trustee fails to sign and deliver the confidentiality order to the Settlement Trustee within 10 calendar days, then the Settlement

---

[3]  Exhibit 3 is a true and correct copy of Appendix A to the Bar Date Order.

[4]      If no bar date was set in the personal bankruptcy case, the bankruptcy trustee should reference the schedules to determine the full amount of the claims.

Trustee shall pay the Distribution to the Non-Represented Tort Claimant. The Settlement

Trustee is not required to disclose to the bankruptcy trustee the amount of the Disbursement

awarded to the Non-Represented Tort Claimant until he receives the Estimate.

15.     The Settlement Trustee will set aside the Estimate amount and will be responsible

for paying the bankruptcy trustee amounts only up to the Estimate, no greater.

16.     The bankruptcy trustee in the personal bankruptcy case will also provide the

Settlement Trustee with all orders in the personal bankruptcy case relating to a final report and

accounting.

17.     Once he receives the Estimate, the Settlement Trustee will then pay the Non-

Represented Tort Claimant the difference between the Estimate and the amount of the

Disbursement that the Special Arbitrator awarded to the tort claimant. When the Settlement

Trustee receives an order from the bankruptcy court presiding over the personal bankruptcy case

as to the bankruptcy trustee's final report and accounting, the Settlement Trustee will pay that

amount to the bankruptcy trustee in the personal bankruptcy case provided that it is the same as

or less than the Estimate. Any overage will be sent to the Non-Represented Tort Claimant.

18.     If the Settlement Trustee does not receive an Estimate within the 30 calendar days

following the Settlement Trustee's request, he will pay the Non-Represented Tort Claimant the

full amount of her Disbursement.

19.     The Settlement Trustee will assume that the Non-Represented Tort Claimant as

the debtor in his or her personal bankruptcy case reserves all rights to assert arguments under

applicable law concerning rights to exemptions, and whether his or her sexual abuse claim was property of the personal bankruptcy estate.

### V.    Settlement Trustee's Responses To Movants' Proposals

20.    The three movants, Wesley B. Huisinga, Renee K. Hanrahan, and Bruce P. Kriegman (the "Movants") in the Application, in their sole capacities as chapter 7 trustees, request certain relief relating to the sexual abuse tort claimants who have previously filed personal bankruptcy cases. The Settlement Trustee responds to each component of that requested relief:

21.    At Paragraph 9a of the Application, Movants request that the Settlement Trustee and his attorneys, among others, be directed to disclose to Movants the identities of any tort claimants who have previously filed personal bankruptcy cases in the Northern District of Iowa, the Southern District of Iowa, and the Western District of Washington, Seattle Division; and, if requested, that the Settlement Trustee will provide each Movant access to all information relating to those tort claimants' proofs of claims the distributions in this bankruptcy case.

   a.    Response 1 to Application Paragraph 9a: There is no need for the bankruptcy trustees to delve into the underlying proofs of claim. These matters are personal and highly confidential; there is no reason for the bankruptcy trustees to have access to this information. All the bankruptcy trustees require is the amount of the Distribution that the Special Arbitrator has awarded to the tort claimant. By the time the hearing on

this Application is heard, the Special Arbitrator likely will have notified
all tort claimants of their Distribution amounts.

b.    Response 2 to Application Paragraph 9a:  The Settlement Trustee requests
that any order requiring him or his counsel to disclose tort claimant names,
proofs of claim, or distribution information to the Movants also include an
order requiring the Settlement Trustee to release that information to any of
the bankruptcy trustees who are identified on proof of claim forms or
whom the Settlement Trustee, through the exercise of reasonable efforts,
can locate.

c.    Response 3 to Application Paragraph 9a:  The Settlement Trustee requests
a finding of this Court that he is not required to perform any independent
analysis or investigation of the proofs of claims relating to personal
bankruptcy filings.

d.    Response 4 to Application Paragraph 9a: The Settlement Trustee notes
that there are personal bankruptcies for which persons other than the
Movants are bankruptcy trustees.  To the extent that the Court grants the
relief requested in Paragraph 9a of the Application, the Settlement Trustee
asks that the order require the Settlement Trustee to disclose to every
bankruptcy trustee who requests, it on the condition that the bankruptcy
trustee sign and deliver to the Settlement Trustee a confidentiality

agreement (in the form provided hereto as **Exhibit 3**), the information that

the Settlement Trustee is ordered to provide to the Movants.

22.    Paragraph 9b seeks that "any payment or distribution" to a chapter 7 claimant

"should be sent directly to the attention of and made payable to the respective Bankruptcy

Trustee."

      a.    <u>Response to Paragraph 9b</u>: The Settlement Trustee does not agree with

this position.  Many of the tort claimants have waited decades for their

Distributions.  Many of the Distributions are larger in dollar amount than

the amounts that could possibly be owed to creditors in the personal

bankruptcy cases.  Therefore, the Settlement Trustee made the proposal to

establish an Estimate.  *See* Section IV, supra.

      b.    <u>Response to Paragraph 9b</u>: The Settlement Trustee seeks a finding that he

has no liability to any tort claimants' personal bankruptcy estates or

bankruptcy trustees provided that he disperses the Disbursements in

accordance with this Court's order.

23.    Paragraph 9c seeks an order and decree that the final disposition of any

Disbursement from this bankruptcy case be determined in the individual's personal bankruptcy

proceeding.

      a.    <u>Response to Paragraph 9c</u>: The Settlement Trustee contends that the

procedure set forth in this Response provides a mechanism to balance the

interests of the personal bankruptcy case trustees and the tort claimants.

## VI.   Notice

24.     In addition to providing notice of this Response pursuant to the service list

attached hereto, the Settlement Trustee will also provide notice via U.S. Mail to each of the Non-

Represented Tort Claimants (at the addresses in the Settlement Trustee's files).  Because these

tort claimants names and identifying information are confidential, this service is not reflected on

the attached proof of service.

## VII.   Conclusion

WHEREFORE, the Settlement Trustee requests that this Court enter an order setting

forth the procedures outlined above for the handling of the Settlement Trustee's obligations to

tort claimants who previously filed personal bankruptcy cases.

Dated:   September 25, 2008         PACHULSKI STANG ZIEHL & JONES LLP


                                    /s/ Hamid R. Rafatjoo
                                    _____

                                    By   James I. Stang (CA Bar No. 94435 - IS9998306)
                                    :    Hamid R. Rafatjoo (CA Bar No. 181564 -  IS9998402)
                                         Gillian N. Brown(CA Bar No. 205132 - IS9998401)
                                         10100 Santa Monica Blvd., 11th Floor
                                         Los Angeles, California  90067-4100
                                         Telephone: 310/277-6910
                                         Facsimile:  310/201-0760
                                         Email:  jstang@pszjlaw.com
                                                 hrafatjoo@pszjlaw.com
                                                 gbrown@pszjlaw.com

                                    Attorneys for the Settlement Trustee

**EXHIBIT 1**

## PROTOCOL FOR: (a) HANDLING CONFIDENTIALPROOF OF CLAIM FORMS and (b) FILING AND SERVING OBJECTIONS TO CONFIDENTIAL PROOFS OF CLAIM FOR SEXUAL ABUSE

### *HANDLING OF CONFIDENTIAL PROOFS OF CLAIMS*

This protocol for handling confidential proofs forms (the "Protocol") is made for purposes of identifying the persons who are permitted to know the identity and review the proofs of claim of the claimants who file Confidential Proofs of Claim Forms in the case of <u>In the Matter of the Diocese of Davenport,</u> Case No. 06-02229-11 (the "Case"), U.S. Bankruptcy Court for the Southern District of Iowa (the "Court").

1.      This Protocol is Exhibit D to and has been incorporated by reference in that certain Order: (1) Vacating Existing Bar Date for Filing of Proofs of Claim; (2) Fixing New Bar Date for the Filing of Proofs of Claim; (3) Fixing Bar Date for the Filing of Proofs of Claim by Governmental Units, (4) Fixing Bar Date for the Filing of Requests for Allowance of Bankruptcy Code § 503(b)(9) Administrative Expense Claims; (5) Designating Form and Manner of Notice thereof; (6) Approving Form of Proof of Claim for Claims Relating to Sexual Abuse; (7) Approving Protocol for Handling Confidential Proof of Claim Forms; and (8) Granting Related Relief (the "Bar Date Order").

2.      Debtor's Claims Agent shall provide to Debtor's attorney, Richard A. Davidson of Lane & Waterman LLP, true and complete copies of each Confidential Proof of Claim Form. Before accepting such copies, Mr. Davidson shall execute the written Declaration of Compliance with the Protocol for Handling Confidential Proofs of Claim for Sexual Abuse (the "Compliance Declaration") in the form attached hereto as <u>Appendix A</u>.

3.      Before providing true and complete copies of each Confidential Proof of Claim to the persons identified in Section 4 below, Mr. Davidson shall obtain from each person a written Compliance Declaration. The law firm of Lane & Waterman LLP shall maintain and safeguard the original of each executed Compliance Declaration and shall provide copies thereof upon request to counsel for the Official Committee of Unsecured Creditors ("Committee").

4.      Mr. Davidson is authorized to provide only to the following persons (collectively, the "Authorized Persons" and, individually, an "Authorized Person") (a) true and complete copies of each Confidential Proof of Claim Form and (b) redacted copies of each Confidential Proof of Claim on which the claimant's name, address, telephone number, signature, and the name of the person who filed or signed the Confidential Proof of Claim Form if it is different than the claimant's name, have fully and completely removed and eliminated (the "Redacted Copies") provided that such Authorized Persons have delivered to him an executed Compliance Declaration:

      a.      Necessary employees of the Debtor;

      b.      Any other counsel for the Debtor;

EXHIBIT D      /4

c.  Counsel for the Committee or any other professional, expert or consultant retained by the Committee;

d.  Any court-appointed unknown claims representative ("UCR") and his/her counsel;

e.  United States Trustee, the Court and its personnel, without necessity of obtaining a Compliance Declaration;

f.  Any mediator appointed in the Case or its associated Adversary Proceedings, only to the extent that such mediator will need information regarding the confidential claims; and

g.  Any third party appointed by the Court to evaluate sex abuse tort claims.

5.  Authorized Persons may disclose the Confidential Proof of Claim Forms to their associated lawyers, paralegal employees and clerical employees of the Authorized Person who are assisting the Authorized Person in the Case and any associated Adversary Proceeding, on a need to know basis only. Authorized Persons may disclose Redacted Copies to clients represented by the Authorized Person in the Case of any associated Adversary Proceedings provided that such persons have executed a Compliance Declaration.

6.  As to any insurance company that is a party to an insurance contract with the Diocese of Davenport (collectively, the "Carrier Parties" and, individually, a "Carrier Party") or reinsurers of such insurance companies, any counsel for a Carrier Party shall be an "Authorized Person" provided that a Compliance Declaration has been executed and delivered to Lane &Waterman LLP for each such Carrier Party. A Carrier Party may disclose the Confidential Proofs of Claim to its:

a.  Executives, claims manager, adjustor or investigator assisting counsel for a Carrier Party and any of such person's or counsel's paralegals or clerical employees;

b.  Any reinsurer or auditor of a Carrier Party;

An Authorized Person may disclose a Confidential Proof of Claim Form to the following additional persons:

a.  Any actual or potential fact witness in the Chapter 11 case or related adversary proceedings who counsel in such proceeding in good faith concludes needs to know the identity of a claimant or the claimants who filed Confidential Proofs of Claim, provided that such witness be shown the Confidential Proofs of Claim only during his or her testimony and preparation therefore and only to the extent necessary for such preparation and testimony, and such witness shall not be allowed to retain copies thereof.

    b.    Any consultant or expert retained by counsel for a Carrier Party to consult or testify in the Chapter 11 case or related adversary proceedings and who counsel in good faith concludes needs to know the identity of a claimant or the claimants who filed Confidential Proofs of Claim, provided such person executes and delivers a Confidential Declaration to Lane & Waterman LLP.

7.    Except as provided in: (a) this Protocol , (b) the Bar Date Order, (c) any amendment to the Bar Date Order or any other order or ruling made by the Court, (d) any written waiver by a claimant of the confidentiality of his or her identity, (e) any unrestricted disclosure by a claimant of his or her identity to an Authorized Person before the Authorized Person received the claimants Confidential Proof of Claim Form pursuant to this Protocol, each Authorized Person shall hold in confidence and not disclose the claimant's name, address, telephone number, signature and the name of the person who filed or signed the Confidential Proof of Claim Form if it is different than the claimant's name identified on each Confidential Proof of Claim Form.

8.    The obligations of an Authorized Person under this Section 7 of this Protocol shall survive any dismissal or closing of the Case, any plan of reorganization, liquidation, disbanding of the Committee, or discharge of any UCR.

## *PROCEDURE FOR FILING AND SERVING OBJECTIONS TO CONFDENTIAL PROOFS OF CLAIM*

1.    Any objection, supporting affidavits, declarations or other pleadings or certificate of service relating to a Confidential Claim for Sexual Abuse (collectively an "Objection") shall be filed with all information that could be used to identify the claimant redacted, except that the Objection shall refer to the "CONFIDENTIAL Claimant No.____" assigned to the claim by the Claims Agent in the caption of the Objection. The Objecting Party shall retain an original, unredacted copy of the Objection  and shall serve the unredacted Objection with the following notice.

2.    The substance of the notice of the claim objection shall include the following:

NOTICE

Notice is hereby given that the [Objecting Party] has filed an objection to your Confidential Proof of Claim Form.  You  must file a written response with the clerk of the United States Bankruptcy Court for the Southern District of Iowa at P.O. Box 9264 Des Moines, Iowa 50306-9264 (Street address: 300 U.S. Courthouse Annex, 110 East Court Ave Suite 300, Des Moines, Iowa 50309 on or before _____, 200x which is thirty (30) days of the date of this objection.  If you fail to file a timely written response to this objection, the Court may rule on the pleadings filed without oral argument and without further notice to you, and you will be deemed to have consented to such determination.  If you do not file a written response, the [Objecting Party] will present the Court with an ex parte order disallowing your Confidential Proof of Claim Form in its entirety. This means you will not receive any payment or distribution on your Confidential Claim.

/6

The objection and all supporting pleadings have been filed with all information that could used to identify you removed to maintain the confidentiality of your Confidential Claim. To further maintain the confidentiality of your Confidential Claim, your written response will be filed under seal. If any portion of your written response is made publicly available, all information that could be used to identify you will be removed by the Objecting Party to protect the confidentiality of your Confidential Claim. To file a response under seal you must serve your written response on the Bankruptcy Court by doing the following:

Place your response, any supporting pleadings, affidavits or declarations in a sealed envelope marked "CONFIDENTIAL MATERIAL-FILED UNDER SEAL".

Attach the enclosed cover sheet to the sealed envelope.

Place your response (contained in a sealed envelope marked "CONFIDENTIAL MATERIAL-FILED UNDER SEAL") and enclosed cover sheet in an additional envelope and mail or deliver it to the Bankruptcy Court at the address specified above.

Be sure that you mail or deliver your response so that it is received by the Bankruptcy Court no later than _____, 200X.

3.    Unredacted copies of Objections shall be served by the Objecting Party on the claimant and the claimant's attorney (if any), counsel for the Debtor, counsel for the Committee, any Unknown Claims Representative and the U.S. Trustee.

4.    A response to any Objection and any supporting pleadings (collectively a "Response") shall be filed under seal and delivered to the Court via hand delivery or U.S. mail, rather than through the Court's CM/ECF system. The response shall be sent in a sealed envelope "CONFIDENTIAL MATERIAL – FILED UNDER SEAL". A caption page in the form attached hereto as Appendix B shall be attached to a Response. The caption page shall not contain the claimant's name. The claim and claimant will be identified only by reference to the claim number assigned by the Claims Agent. The Clerk shall file the Response under seal. The responding party shall serve the Response on the Objecting Party, counsel for the Debtor, counsel for the Committee and the U.S. Trustee.

5.    Upon receipt of a Response to any Objection, the Objecting Party shall provide electronic copies of the Confidential Claim, the unredacted Objection and the Response to the Court's chambers within thirty (30) days of the filing of an Objection. In addition, the Objecting Party shall provide copies of the unredacted Objection and Response to any Authorized Person who has requested copies thereof.

6.    Upon filing of a Response, the Clerk shall file the caption page. Only the caption page will be shown on the docket. The Clerk shall also set a hearing on the Objection. The Clerk shall provide notice of the hearing through the Court's CM/ECF system only by reference to the claim number assigned by the Claims Agent. The Objecting Party shall provide notice of hearing to the claimant and claimant's attorney (if any). The Objecting Party shall file a certificate of service with all information that could be used to identify the claimant redacted.

7.    Nothing in this protocol affects the right of any party to challenge the Bankruptcy Court's jurisdiction to resolve an Objection.

8.    All references to the claimant on the docket, in minute entries and in the record of proceedings shall be made by referring to the claimant as "Claimant" and by reference to the claim number assigned by the Claims Agent.  The claimant's name shall not be used.

9.    In the event any party requests commencement of an adversary proceeding, or joins such request with a Response or Objection, such party shall be responsible for taking such measures as are necessary for protecting the identity of the claimant and confidential information relating to the claim.

10.    A copy of this Protocol shall be served with any Objection.

**EXHIBIT 2**

# EXHIBIT 2

## *List of Tort Claimants who Indicated Personal Bankruptcy on Proof of Claim Form*

| Proof of Claim # | Bankruptcy Filing |
|---|---|
| 19 & 114 | Chapter 11 filed in 1999 or 2001 in San Diego, CA |
| 29 | Chapter 7 filed in 2001 in Dubuque, IA<br><br>Bankruptcy trustee: Sheryl Youngblut, 310 Franklin St. PO Box 375, Dehli, IA 52223 |
| 44 | Chapter 13 filed in 1985 in Omaha, Nebraska |
| 54 | Chapter 11 filed in 1998 in Davenport, IA<br><br>Bankruptcy trustee: A. Fred Berger 900 Kahl Blvd., 326 W. 3rd. Davenport, IA 52801 |
| 70 | Unknown chapter case filed in 1998 or 1999 in Linn County, IA |
| 71 | Unknown chapter case filed in 1989 in Orange County, FL |
| 72 | Unknown chapter case filed in 1981 in Scott County, IA |
| 79 | Unknown chapter case filed in 1966 in Polk County, IA |
| 87 | Unknown chapter case filed in 1972-1975 in Virginia Beach, VA |
| 91 | Unknown chapter case filed in |



EXHIBIT ☑

*19*

| | |
|---|---|
| | 1989, location unknown |
| 95 | Unknown chapter case filed in 1990, location unknown |
| 96 | Unknown chapter case filed 1997, location unknown |
| 99 | Chapter 7 filed in 2003 in Cedar Rapids, IA<br><br>Bankruptcy trustee: Wesley B. Huisinga |
| 119 | Chapter 7 case filed in 2002 in Cedar Rapids, IA<br><br>Bankruptcy trustee: Wesley Huisinga |
| 120 | Unknown chapter case filed in 1972 in Scott County, IA |
| **122 | No info |
| 124 | Unknown chapter case filed in 2001 or 2002 in Scott County, IA |
| 132 | Chapter 13 case filed 2003 in Davenport, IA<br><br>Bankruptcy trustee: Burton H. Fagan, 2535 Tech Drive, Suite 206, Bettendorf, IA |
| 137 | Chapter 13 case filed in 1995 in Greenblatt, MD<br><br>Bankruptcy trustee: Thomas L. Lackey 6508 Lisa Lane Bowie, MD 20720 |
| 139 | Chapter 7 case filed 1992 in Joliet, IL |

18478-004\DOCS_LA:189940.3

*20*

| | |
|---|---|
| | Bankruptcy trustee:<br>Bradley Waller, 2045<br>Aberdeen Ct, Sycamore, IL<br>60178 |
| 154 | Chapter 7 case filed 1998 in<br>Seattle, WA<br><br>Bk trustee: Bruce P.<br>Kriegman, 600 University St.,<br>#3000, Seattle, WA  98101 |

18478-004\DOCS_LA:189940.3

*21*

**EXHIBIT 3**

## APPENDIX A

### DECLARATION OF COMPLIANCE WITH PROTOCOL FOR HANDLING CONFIDENTIAL PROOFS OF CLAIM FOR SEXUAL ABUSE

The undersigned declares:

I have read the Protocol for Handling Confidential Proofs of Claim for Sexual Abuse (the "Protocol") that is attached to and incorporated by reference in the Order: Order (1) Vacating Existing Bar Date For Filing Of Proofs Of Claim, (2) Fixing New Bar Date For The Filing Of Proofs Of Claim, (3) Fixing Bar Date For The Filing Of Proofs Of Claim By Governmental Units, (4) Fixing Bar Date For The Filing Of Requests For Allowance Of Bankruptcy Code § 503 (b)(9) Administrative Expense Claims, (5) Designating Form And Manner Of Notice Thereof, (6) Approving Form Of Proof Of Claim For Claims Relating To Sexual Abuse, (7) Approving Protocol For Handling Confidential Proof Of Claim For Sexual Abuse, And (8) Granting Related Relief (the "Bar Date Order"), entered by the Court on In the Matter of lmj _____, 2007, under ECF Docket No. ____, in the case of In re Diocese of Davenport, Case No. 06-02229-11 (the "Case"), U.S. Bankruptcy Court for the Southern District of Iowa (the "Court").

I certify that I am one of the persons contemplated by the Protocol as authorized to receive true and complete copies of Confidential Proofs of Claim for Sexual Abuse.

I agree to comply with and be bound by the Protocol.

I am aware that contempt sanctions may be entered for my violation of the Protocol.

I agree to submit to the personal jurisdiction of the United States Bankruptcy Court for the Southern District of Iowa for the enforcement of the Protocol.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated this ____ day of _____, 200__.

Printed Name: _____

Firm: _____

Title or Position: _____

Address: _____

_____

Telephone Number: _____

EXHIBIT 3    22

## CERTIFICATE OF SERVICE

The undersigned hereby certifies, under penalty of perjury, that on September 25, 2008, a

copy of the **SETTLEMENT TRUSTEE'S RESPONSE TO APPLICATION FOR ORDER**

**REGARDING TORT CLAIMANTS WHO FILED BANKRUPTCY [DOCKET NO. 339]**

to which this certificate is attached was (1) caused to be served by means of electronic

transmission of the Notice of Electronic Filing through the Court's transmission facilities, for

parties and/or counsel who have provided email addresses and are registered through the ECF

System; and (2) was mailed via the United States Mail with postage fully paid to the parties

displayed below, which parties were not served by the Court's electronic noticing system.


_____

Mary/de Leon


Mike Uhde
2714 East Locust Street
Davenport, IA  52801

McGladrey & Pullen LLP
201 N. Harrison Street, Suite 300
Davenport, IA  52801-1992

RSM McGladrey, Inc.
201 N. Harrison Street, Suite 300
Davenport, IA  52801-1992

Counsel for St. Paul Fire & Marine Insurance
and Travelers Casualty and Surety Company
Jean M. Golden / Patricia A. Ryan
Cassiday Schade LLP
20 North Wacker Drive, Suite 1040
Chicago, IL 60606-2903

Trustee for Creditor Don M. Uhde,
Chapter 7 Trustee for Don M. Uhde,
Renee Hanrahan, and Bruce Kriegman
Wesley B. Huisinga
Shuttleworth & Ingersoll P.L.C.
115 Third Street, SE, Suite 500, P.O. Box 2107
Cedar Rapids, IA 52406-2107

Aurora Management Partners, Inc.
212 South Tryon Street, Suite 1680
Charlotte, NC 28281

Richard M. Calkins
Calkins Law Firm
2700 Westown Parkway, Suite 220
West Des Moines, IA 50266

Thomas J. Salerno/Jordan A. Kroop
Squire Sanders & Dempsey L.L.P.
Two Renaissance Square
40 North Central Avenue, Suite 2700
Phoenix, AZ 85004-4498

James M. Sweeney
320 LeClaire Street
Davenport, IA 52801

Irvin C. Slate, Jr., Esq.
3600 Nameoki Road, Suite 205
Granite City, IL 62040