IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE | ) | CASE NO. 06-02229-lmj11 |
| | ) | |
| DIOCESE OF DAVENPORT | ) | CHAPTER 11 |
| | ) | |
|    Debtor | ) | RESPONSE TO SETTLEMENT TRUSTEE'S |
| | ) | RESPONSE TO APPLICATION FOR |
| | ) | ORDER RE TORT CLAIMANTS WHO |
| | ) | FILED BANKRUPTCY (Docket No. 348) |

     COMES NOW Wesley B. Huisinga, Renee K. Hanrahan and Bruce P. Kriegman, in their sole capacities as Chapter 7 Trustees in the cases of certain Tort Claimants ("Trustee Movants"), by and through their undersigned counsel, and in response to the Settlement Trustee's Response to Application for Order Regarding Tort Claimants Who Filed Bankruptcy (Docket No. 348), states as follows:

INTRODUCTION

     1.    The intent and purpose of the Movants' original application (Docket No. 339) filed September 4, 2008, was to insure the Settlement Trustee's compliance with the turnover provisions as set forth pursuant to 11 U.S.C. § 542(a) as it relates to settlements owed to specific Tort Claimants who have previously filed bankruptcy. Absent a contrary determination by the Bankruptcy Court in any individual Tort Claimant's bankruptcy proceeding, there is no dispute that any settlement payment owed to a Tort Claimant who had filed bankruptcy constitutes property of said Tort Claimant's bankruptcy estate, pursuant to 11 U.S.C. §541, and must be turned over to the Tort Claimant's individual Bankruptcy Trustee pursuant to 11 U.S.C. §542. To the extent the response of the Settlement Trustee (Docket No. 348) suggests otherwise, they lack standing to raise this issue. Further, any proposal by the Settlement Trustee that suggests a procedure for determining the amount to be paid over to an individual Tort Claimant's Trustee is simply contrary to law and must be rejected out of hand. Without conceding the Movants' right for an immediate turnover of monies held by the Settlement Trustee payable to individual Tort Claimants who have filed bankruptcy, the Movants, realizing the complexity and sensitivity of the present case, would submit to the Court the following proposal for the resolution of issues at hand:

I. IDENTIFICATION OF TORT CLAIMANTS WHO FILED BANKRUPTCY

     2.    The Settlement Trustee's Response fails to address an adequate procedure for identifying any and all Tort Claimants who have previously filed a bankruptcy proceeding subsequent to the injuries for which they may be compensated under the Diocese Plan. As clearly set forth in the responses filed by the Settlement Trustee and the Debtor, there is no procedure in place for identifying Tort Claimants who have filed bankruptcy, other than self-reporting by the Tort Claimants as part of the Proof of Claim process previously established by this Court.

     3.    The Trustee Movants have no way to determine whether all Tort Claimants for which they may have served as Bankruptcy Trustee have been disclosed. To address the issue

of properly identifying all Tort Claimants who have previously filed bankruptcy, Movants propose the following procedure be ordered by the Court:

    a.    The Settlement Trustee should be ordered to provide the Office of the United States Trustee, Region 12, <u>a complete list</u> of the names of all Tort Claimants, said list to be provided within ten (10) days after entry of the Court's order;

    b.    Upon receipt of the list of all Tort Claimants, the United States Trustee, Region 12, shall check each name against the U.S. Case Party Index and/or PACER, as maintained by the judiciary system, to determine and verify all Tort Claimants who have previously filed a bankruptcy proceeding;

    c.    With regard to any Tort Claimant who is identified as having previously filed a bankruptcy in the districts comprising United States Trustee Region 12, the United States Trustee for Region 12 shall immediately notify the Case Trustee who served, or is serving, in the individual Tort Claimant's personal bankruptcy, of the fact that said Tort Claimant is, or may be entitled to, a payment from the Settlement Trustee in this case;

    d.    In the event the Case Trustee who previously served in an individual Tort Claimant's personal bankruptcy is no longer on the Panel of Trustees, the United States Trustee, at its discretion, may reopen such case and appoint a new Case Trustee to serve;

    e.    With regard to those Tort Claimants who are identified as having filed bankruptcy outside the jurisdiction of the United States Trustee for Region 12, the United States Trustee for Region 12 shall communicate the name of the Tort Claimant and the bankruptcy case number to the United States Trustee for the Region in which the Tort Claimant's personal bankruptcy case was filed;

    f.    Any United States Trustee who receives the name and bankruptcy information of any Tort Claimant shall be likewise authorized to notify the Tort Claimant's individual Case Trustee or, in the alternative, may move to reopen a case and appoint a new Case Trustee, as may be appropriate under the circumstances;

    g.    All United States Trustees and all Case Trustees receiving information as provided for in this Order, shall not be required to sign a Confidentiality Agreement, but shall, in all other respects, be subject to the Confidentiality protocol previously established by this Court (Docket No. 97) and shall not disclose in any public proceeding, the nature or description of the Tort Claimant's claim, but rather refer to it only generically as a "tort claim". A copy of the Confidentiality Protocol shall be provided to any United States Trustee and Case Trustee notified of a Tort Claimant's pending settlement pursuant to the provisions of this Order; and

  h. The Settlement Trustee shall file with the Court a certification of their compliance with this procedure (i.e. that the identity of all Tort Claimants has been provided to the United States Trustee, Region 12, within ten (10) days of the entry of the Court's order) and the United States Trustee, Region 12, shall file with this Court a certification of their compliance with these procedures (i.e. that they have searched the bankruptcy records and provided the identity and case number for any Tort Claimants who have filed bankruptcy to the Case Trustees and/or U.S. Trustees, as the case may be) within 30 days after the entry of the Court's order directing this procedure.

## II. PROCEDURE FOR PAYMENT OF CLAIMS TO TORT CLAIMANTS WHO DID NOT SELF-IDENTIFY AS HAVING FILED PERSONAL BANKRUPTCY AND OR WHICH THE SETTLEMENT TRUSTEE HAS NO ACTUAL KNOWLEDGE OF SUCH PRIOR FILING

4. Movants agree that neither the Settlement Trustee nor the Debtor may have any knowledge of a Tort Claimant's bankruptcy filing, absent the Tort Claimant's honest disclosure in a Proof of Claim or pursuant to a disclosure by the individual Tort Claimant's attorney. As such, the distribution to those Tort Claimants who did not disclose a prior bankruptcy filing, and for which the Settlement Trustee has no actual knowledge, should proceed according to the procedure and timetable previously established pursuant to the Plan and prior order of this Court, subject to the following:

  a. To the extent the Settlement Trustee has actual knowledge of a Tort Claimant's prior bankruptcy, then payment of the settlement owed to such Tort Claimant shall be made in accordance with the provisions as hereinafter set forth in paragraph 5 below;

  b. To the extent the Settlement Trustee and/or Debtor's counsel, subsequent to the distribution of a settlement payment under this paragraph, is contacted by a Case Trustee of a Tort Claimant who did not disclose a prior bankruptcy filing, the Settlement Trustee and/or Debtor's counsel shall disclose to said Case Trustee the date and payment amount to said Tort Claimant, but shall otherwise not have any liability to the Trustee or the Tort Claimant's bankruptcy estate for amounts previously paid prior to such notification from the Case Trustee; and

  c. The payment by the Settlement Trustee to a Tort Claimant who failed to disclose a prior bankruptcy filing in the Proof of Claim, shall not prejudice or in any way effect the rights of said Tort Claimant's Case Trustee to seek recovery of the settlement payment from the Tort Claimant as part of the Tort Claimant's individual bankruptcy proceeding.

## III. PROCEDURE FOR PAYMENT OF CLAIMS TO TORT CLAIMANTS WHO SELF-IDENTIFIED AS HAVING FILED BANKRUPTCY OR FOR THOSE TORT CLAIMANTS FOR WHOM THE SETTLEMENT TRUSTEE HAS BEEN NOTIFIED OF THE TORT CLAIMANT'S PRIOR BANKRUPTCY

5. With respect to those Tort Claimants who self-identified as having previously filed a bankruptcy proceeding and those Tort Claimants for which the Settlement Trustee has actual

knowledge of a prior bankruptcy filing, the settlement payment to which each such Tort Claimant is entitled shall not be paid by the Settlement Trustee until the <u>earlier of</u> (i) receipt of a written demand for turnover by the Tort Claimant's personal Case Trustee or (ii) January 1, 2009.  The procedure for payment under this paragraph shall be as follows:

      a.    Upon receipt of written demand for turnover from the Trustee of an individual Tort Claimant's personal bankruptcy filing, the Settlement Trustee shall pay the full settlement to which such Tort Claimant is entitled to the Case Trustee;

      b.    If, as of January 1, 2009, the Settlement Trustee has received no notification or demand from a duly appointed and acting Case Trustee for said Tort Claimant, the Settlement Trustee may pay to the Tort Claimant, the full settlement amount to which said Tort Claimant is entitled, without any further obligation or liability, except, that if the Settlement Trustee received a demand from the Case Trustee after a distribution to a Tort Claimant, the Settlement Trustee shall disclose the date and amount of such payment to the Case Trustee;

      c.    The direct payment to a Tort Claimant, as provided for under subparagraph (b) of this paragraph, shall not prejudice the rights of the Tort Claimant's Case Trustee to seek recovery of the settlement payment from the Tort Claimant as part of the Tort Claimant's individual bankruptcy proceeding;

      d.    The payment of a Tort Claimant's settlement to a Case Trustee, as provided for in subparagraph (a) of this paragraph, shall not prejudice the rights of the Tort Claimant to argue that the settlement proceeds are not property of the estate, to claim exemptions therein, or any other such relief that the Tort Claimant may seek in his or her personal bankruptcy; and

      e.    If, prior to the payment of a Tort Claimant's settlement under the provisions of this paragraph, the Settlement Trustee receives a written agreement, stipulation or Court Order issued by the jurisdiction in which the Tort Claimant's bankruptcy was filed or pending, the Settlement Trustee is hereby authorized to pay the proceeds of the Tort Claimant's settlement, as provided for in said agreement, stipulation or Court Order, and which, if paid in accordance therewith, shall relieve the Settlement Trustee of any further obligation or liability with regard thereto.

### IV.  ANALYSIS AND CONCLUSION

6.    The motion originally filed by the Movants and the Movants' additional response, as set forth herein, is intended to insure that the Movants are able to properly perform and complete their fiduciary responsibilities as Case Trustees, including, most importantly, the liquidation and distribution of property of the estate to the Tort Claimant's individual creditors, as required by the Bankruptcy Code and Rules.  Likewise, the Movants' proposal furthers the legitimate role of the Bankruptcy Court to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code with respect to the individual Tort Claimant's bankruptcy proceedings, and the duties and responsibilities of the

United States Trustee, pursuant to 28 U.S.C. §586, to supervise the administration of cases and Trustee's under Chapter 7 of Title 11.  In the instance of this case, the Settlement Trustee cannot hide behind the Debtor's "Plan" or the provisions of the Confidentiality Protocol therein, to trump the provisions of the Bankruptcy Code with respect to any individual Tort Claimant's bankruptcy proceeding.  With respect to the individual bankruptcy proceeding of each Tort Claimant, the story begins and ends with Section 541, which makes the respective tort claims and anything relating thereto, property of the individual Tort Claimant's bankruptcy case.  There is simply no exception to the inclusion of the tort claims as property of the estate that could be determined in this present Debtor proceeding.  Rather, to the extent there is an issue involving property of the estate, exemptions, or any other exceptions, those issues can only be resolved by a determination of the Bankruptcy Court in each individual Tort Claimant's bankruptcy proceeding, and as such, there exists no jurisdiction to make those individual case determinations in this proceeding, nor can there be any claim that any of these issues, relating to the turnover and disposition, for those who have filed bankruptcy proceedings, have been or can be determined in the Debtor's present proceeding.  Further, and more fundamentally, the Settlement Trustee's proposals with respect to any determination as to the amount of settlement proceeds to be turned over to a Case Trustee, are unworkable, impractical, contrary to the provisions of the Bankruptcy Code and, indeed, would be outside the jurisdiction of the Court to enter orders in this Debtor case that governs the distribution procedures in the individual Tort Claimant's case.  In summary, the Movants' proposal, as set forth in this response, maintains the confidentiality of the Tort Claimants while balancing the interests of the Settlement Trustee to fulfill it's duties and obligations under the Plan, avoid delay in distribution to Tort Claimants and to insure that the Case Trustees of individual Tort Claimants who have filed bankruptcy, are able to fulfill their fiduciary responsibilities under the Code.

WHEREFORE, the Movants request that this Court, after appropriate opportunities for notice and hearing, enter an order setting forth the procedures outlined in this Response for the handling of the Settlement Trustee's obligations to Tort Claimants who previously filed bankruptcy case.

/s/ Wesley B. Huisinga
Wesley B. Huisinga  ID No. IS9999360
SHUTTLEWORTH & INGERSOLL, PC
115 Third Street SE
P O B ox 2107
Cedar Rapids, IA  52406-2107
(319) 365-9461 Phone
(319) 365-8564 Fax
wbh@shuttleworthlaw.com
ATTORNEY FOR
WESLEY B. HUISINGA, Chapter 7 Trustee
RENEE K. HANRAHAN, Chapter 7 Trustee
BRUCE P. KRIEGMAN, Chapter 7 Trustee

CERTIFICATION OF SERVICE

The undersigned hereby certifies under penalty of perjury, that a copy of his document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing and by first class mail on the 14th day of October, 2008 on the following:

/s/ Cameo Kruse
Cameo Kruse

| | |
|---|---|
| James Snyder<br>United States Trustee's Office<br>210 Walnut Street<br>Room 793<br>Des Moines, IA  50309-2108 | Richard A. Davidson<br>220 N Main Street, Ste 600<br>Davenport, IA  52801-1987 |
| Thomas G. McCuskey<br>118 3rd Ave., SE, Ste 309<br>P.O. Box 817<br>Cedar Rapids, IA  52406-0817 | Thomas J. Salerno/Jordan A. Kroop<br>Squire, Sanders & Dempsey, LLC<br>Two Renaissance Square<br>40 North Central Avenue, Ste 2700<br>Phoenix, AZ  85004-4498 |
| Craig A. Levien<br>Betty Neuman & McMahon, PLC<br>111 East Third Street, #600<br>Davenport, IA  52801 | Marty L. Rowlet<br>Shuttleworth & Ingersoll, PLC<br>115 Third Street, SE, Ste 500<br>P.O. Box 2107<br>Cedar Rapids, IA  52406-2107 |
| Anita Shodeen<br>Beving, Swanson & Forrest, PC<br>321 East Walnut Street<br>Suite 200<br>Des Moines, IA  50309-2026 | Michael P. Pompeo<br>Drinker, Biddle & Reath, LLP<br>500 Campus Drive<br>Florham Park, NJ  07932-1047 |
| Jean M. Golden/Patricia Ryan<br>Cassiday Schade, LLP<br>20 North Wacker Drive, Ste 1040<br>Chicago, IL  60606-2903 | Paula L. Roby<br>Elderkin & Pirnie, PLC<br>115 1st Avenue SE<br>P.O. Box 1968<br>Cedar Rapids, IA  52406-1968 |
| Aurora Management Partners, Inc.<br>212 South Tryon Street, Ste 1680<br>Charlotte, NC  28281 | Richard M. Calkins<br>Calkins Law Firm<br>2700 Westown Parkway, Ste 220<br>West Des Moines, IA  50266 |
| Richard K. Updegraff<br>Brown, Winick, Graves, et al<br>666 Grand Avenue, Ste 2000<br>Des Moines, IA  50309-2510 | Eric Lam<br>Moyer & Bergman, PLC<br>2720 1st Ave., N.E.<br>P.O. Box 1943<br>Cedar Rapids, IA  52406-1943 |

| | |
|---|---|
| James M. Sweeney<br>320 LeClaire Street<br>Davenport, IA  52801 | Irvin C. Slater, Jr., Esq.<br>3600 Nameoki Road, Ste 205<br>Granite City, IL  62040 |
| Hamid R. Rafatjoo<br>Gillian N. Brown<br>Pachulski, Stang, Ziehl & Jones, LLP<br>10100 Santa Monica Blvd., 11th Floor<br>Los Angeles, CA  90067-4100 | Patrick Noaker<br>Jeff Anderson & Associates, PA<br>366 Jackson St., Ste 100<br>St. Paul, MN  55101 |
| Renee K. Hanrahan, PC<br>P.O. Box 1088<br>Cedar Rapids, IA  52406-1088 | Bruce P. Kriegman<br>600 University Street, Ste 2100<br>Seattle, WA  98101-4161 |