IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| IN THE MATTER OF<br>DIOCESE OF DAVENPORT,<br><br>Debtor. | ) Case No. 06-02229-lmj11<br>)<br>) Chapter 11<br>)<br>) Honorable Lee M. Jackwig<br>) |

**SETTLEMENT TRUSTEE'S MOTION TO AUTHORIZE**
**FINAL DISTRIBUTION AND TERMINATE THE SETTLEMENT TRUST**

By this motion, Eric Schwarz, the Settlement Trustee (the "Settlement Trustee") of the Diocese of Davenport Qualified Settlement Trust (the "Settlement Trust"), seeks an order, as directed in the *Diocese of Davenport Settlement Trust Agreement for Qualified Settlement Fund* (the "Settlement Trustee Agreement"), for termination of the Settlement Trust, including (a) the discharge of the Settlement Trustee, (b) the exculpation of the Settlement Trustee from liability, (c) approval of Settlement Trustee's final accounting, and (d) the distribution of remaining funds of the Settlement Trust, as set forth herein.

**I.**
**BACKGROUND**

1. On October 10, 2006, the Diocese of Davenport ("Diocese") filed a voluntary petition to commence the above-captioned chapter 11 bankruptcy case.

2. On May 1, 2008, the Court entered its *Order Confirming Debtor's Second Amended Joint Plan of Reorganization* (the "Confirmation Order"), confirming the *Second Amended Joint Plan of Reorganization Proposed by Debtor and Official Committee of*

*Unsecured Creditors, Dated as of April 3, 2008* (the "Plan"). Paragraph B.4. of the Confirmation Order provides as follows, "Robert L. Berger is hereby appointed as trustee of the Settlement Trust. . . ." (The Settlement Trust refers to the Diocese of Davenport Qualified Settlement Trust. *See* Article 2.84 of the Plan (defining "Settlement Trust" by reference to the Settlement Trust Agreement, a true and correct copy of which is attached hereto as **Exhibit 1**.[1]))

3. Pursuant to Article 9 of the Settlement Trust Agreement, "any vacancy in the office of Settlement Trustee shall be filled order of the Honorable Lee Jackwig . . . after notice and a hearing." Settlement Trust Agreement, Article 9b. Upon the death of Mr. Berger, the Court appointed Mr. Schwarz as successor Settlement Trustee by granting the motion of counsel for the appointment of Mr. Schwarz as successor Settlement Trustee on September 13, 2011 [Docket No. 436].

4. The effective date of the Plan was May 29, 2008, the date of funding of the Settlement Trust pursuant to Article 17 of the Plan. Pursuant to Article 11.6.2.1 of the Plan, entitlement to distributions for unknown tort claims required an Allowed Unknown Tort Claim (as defined in the Plan) to be filed on or before the tenth anniversary of the Effective Date of the Plan, i.e., May 29, 2018.

5. The Settlement Trustee has determined that the Settlement Trust has fulfilled its obligations under the Plan and that the Settlement Trust should be terminated.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Trust Agreement.

## II.
## RELEVANT TERMS OF SETTLEMENT TRUST

6. Article 5a of the Settlement Trust Agreement provides:

Whenever the Settlement Trustee determines that the Settlement Trust has fulfilled its obligations under the Plan, the Settlement Trustee shall file a motion in the Bankruptcy Court for an order terminating the Settlement Trust. The motion to terminate the Settlement Trust shall seek, inter alia, the discharge of the Settlement Trustee, the exculpation of the Settlement Trustee from liability, and the exoneration of the Settlement Trustee's bond, if any. . .

Upon termination of the Settlement Trust, the Trustee shall remain authorized to wind up the affairs of the Settlement Trust and shall be authorized to dispose of the balance, if any, of funds in the Settlement Trust after payment of or adequate provision for any remaining Settlement Trust expenses. Any such funds shall be distributed in accordance with the terms of the Plan or as directed by the Bankruptcy Court.

Settlement Trust Agreement, Article 5a.

## III.
## RELIEF REQUESTED

7. By this Motion, the Settlement Trustee seeks entry of an order, substantially in the form attached as Exhibit A, terminating the Settlement Trust, discharging the Settlement Trustee, exculpating the Settlement Trustee from liability, approving the Settlement Trustee's final accounting of the Settlement Trust set forth on **Exhibit 2** hereto, and authorizing the Settlement Trustee to dispose of the balance of funds in the Settlement Trust as set forth on **Exhibit 3** hereto.

## IV.
## BASIS FOR RELIEF REQUESTED

A. **Approval of Final Accounting and Distributions.**

8. The Settlement Trustee has filed a final report and accounting, attached hereto as **Exhibit 2**, summarizing the administration of the Settlement Trust. The Balance Sheet, as of December 31, 2018 shows total cash assets of $1,015,798.39.

9. As set forth on **Exhibit 3** hereto and in accordance with Article 5a of the Settlement Trust Agreement, the Settlement Trustee proposes to distribute that amount as follows: (1) reserve $30,702 to fund remaining Settlement Trust expenses, (2) distribute $783,341 to Allowed Tort Claimants on a pro rata basis based on the amounts of the Allowed Tort Claims, and (3) distribute $201,755, the balance of the Unknown Tort Claim Trust, to the following charities: Child Protection Response Center ($67,251.67); Family Resources Davenport, Iowa ($67,251.67); Survivors Network of those Abused by Priests (SNAP) ($33,625.83); and BishopAccountability.org, Inc. ($33,625.83).

10. The Settlement Trustee requests that the final report and accounting and proposed distributions be approved.

**B. Termination of Settlement Trust and Discharge and Exculpation of Settlement Trustee.**

11. As the Settlement Trustee has determined that the Settlement Trust has fulfilled its obligations under the Plan and should be terminated, the Settlement Trust Agreement provides for the discharge of the Settlement Trustee and his exculpation from liability. Settlement Trust Agreement, Article 5a.

12. The Settlement Trustee, its agents, including its professionals and employees, have completed the administration of the Settlement Trust and fully discharged their respective duties in accordance with the Plan and Settlement Trust Agreement, except for discrete remaining tasks to finish winding up the affairs of the Settlement Trust such as the preparation of final tax returns and final distribution, and should be granted a release and discharge of their duties under the Plan and the Settlement Trust Agreement and from all liability to the

beneficiaries and any other party in interest or person arising out of or related to the administration of the Settlement Trust.

## V.
## CONCLUSION

For the foregoing reasons, the Settlement Trustee submits that the Court should enter an order: (i) terminating the Settlement Trust; (ii) approving the Settlement Trustee's final report and accounting set forth on **Exhibit 2**; (iii) authorizing the distributions and reserves set forth on **Exhibit 3**; and (iv) relieving, discharging, and releasing the Settlement Trustee, its agents, including professionals, and employees, from all further duties under the Plan and the Settlement Trust Agreement.

Respectfully submitted,

Dated: April 29, 2019                 PACHULSKI STANG ZIEHL & JONES LLP


                                      */s/ James I. Stang*
                                      _____

                                   By James I. Stang (CA Bar No. 94435 - IS9998306)
                                      10100 Santa Monica Blvd., 13th Floor
                                      Los Angeles, California  90067-4100
                                      Telephone: 310/277-6910
                                      Facsimile:  310/201-0760
                                      Email: jstang@pszjlaw.com


                                      Attorneys for Eric Schwarz, trustee of the Diocese of
                                      Davenport Qualified Settlement Trust

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

|  |  |
|---|---|
| IN THE MATTER OF<br>DIOCESE OF DAVENPORT,<br><br>Debtor. | ) Case No. 06-02229-lmj11<br>)<br>) Chapter 11<br>)<br>) Honorable Lee M. Jackwig<br>) |

### DECLARATION OF ERIC SCHWARZ IN SUPPORT OF MOTION TO AUTHORIZE FINAL DISTRIBUTION AND TERMINATE SETTLEMENT TRUST

I, Eric Schwarz, declare as follows:.

1.  Since 2003, I have been employed by Omni Management Group, Inc. or its predecessors as a Senior Bankruptcy Consultant and since April 2018, I have served as its Chief Financial Officer. On September 13, 2011, I was appointed the Settlement Trustee of the Diocese of Davenport Qualified Settlement Trust (the "Settlement Trust"). I make this declaration solely in my capacity as Settlement Trustee of the Settlement Trust

2.  I make this Declaration in support of the *Settlement Trustee's Motion to Authorize Final Distribution and Terminate Settlement Trust* (the "Motion") solely in my capacity as Settlement Trustee. I make this Declaration based on personal knowledge. If called as a witness, I would and could testify competently as to the matters contained herein.

3.  On May 29, 2008, the Settlement Trust was funded.

4.  I have determined that the Settlement Trust has fulfilled its obligations under the Plan and that the Settlement Trust should be terminated.

5.  Attached to the Motion as **Exhibit 2** is my final report and accounting of the Settlement Trust, which summarizes the administration of the Settlement Trust. The Balance Sheet, as of December 31, 2018 shows total cash assets of $1,015,798.39.

6. As set forth on **Exhibit 3** to the Motion and in accordance with Article 5a of the Settlement Trust Agreement, I propose to distribute that amount as follows: (1) reserve $30,702 to fund remaining Settlement Trust expenses, (2) distribute $783,341 to Allowed Tort Claimants on a pro rata basis based on the amounts of the Allowed Tort Claims, and (3) distribute $201,755, the balance of the Unknown Tort Claim Trust, to the following charities: Child Protection Response Center ($67,251.67); Family Resources Davenport, Iowa ($67,251.67); Survivors Network of those Abused by Priests (SNAP) ($33,625.83); and BishopAccountability.org, Inc. ($33,625.83).

7. I, along with my agents, including professionals and employees, have completed the administration of the Settlement Trust and fully discharged our respective duties in accordance with the Plan and Settlement Trust Agreement, except for discrete remaining tasks to finish winding up the affairs of the Settlement Trust such as the preparation of final tax returns and final distribution.

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 26TH day of April, 2019 at Encino, California.

_/s/ Eric Schwarz_
Eric Schwarz

## CERTIFICATE OF SERVICE

The undersigned hereby certifies, under penalty of perjury, that on April 29, 2019, a copy of the **SETTLEMENT TRUSTEE'S MOTION TO AUTHORIZE FINAL DISTRIBUTION AND TERMINATE THE SETTLEMENT TRUST** to which this certificate is attached was (1) caused to be served by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who have provided email addresses and are registered through the ECF System; and (2) was mailed via the United States Mail with postage fully paid to the parties displayed below, which parties were not served by the Court's electronic noticing system.

I served two abuse survivors who notified the Settlement Trustee after the ten year anniversary of the Effective Date, that they have abuse claims against the Debtor. In accordance with the Bankruptcy Court's order regarding filing proofs of claim (Docket no. 97), I am not including their identifying information on this certificate of service. A certificate of service with their identifying information is being filed under seal.

                                        */s/ Diane H. Hinojosa*
                                        Diane H. Hinojosa

1. **Service via the Court's electronic transmission facilities**:

   - Gillian N Brown    gbrown@pszjlaw.com
   - Jeffrey W Courter    jwc@nyemaster.com, krenslow@nyemaster.com
   - Richard A Davidson    rdavidson@l-wlaw.com
   - Byron H Done    byron.done@sbcglobal.net
   - John E Franke    jfranke@fsmlawfirm.com
   - Dale G Haake    dhaake@katzlawfirm.com, vkennedy@katzlawfirm.com;awierenga@katzlawfirm.com;haakedr85771@notify.bestcase.com
   - Alexis Haller    ahaller@ahlawoffice.com
   - Wesley B Huisinga    wbh@shuttleworthlaw.com, whuisinga@ecf.axosfs.com;cam@shuttleworthlaw.com,brandy@shuttleworthlaw.com
   - Wesley B Huisinga    wbh@shuttleworthlaw.com
   - Wesley B. Huisinga    wbh@shuttleworthlaw.com, whuisinga@ecf.axosfs.com;cam@shuttleworthlaw.com,brandy@shuttleworthlaw.com
   - Eric W Lam    elam@simmonsperrine.com, kcarmichael@SPMBLAW.com;tdomeyer@SPMBLAW.com
   - Jeffrey S Lena    jlena@sbcglobal.net
   - Craig A Levien    cal@bettylawfirm.com, lls@bettylawfirm.com
   - Douglas R Lindstrom    dlindstrom@l-wlaw.com, kmefferd@l-wlaw.com
   - Mark A Ludolph    mludolph@hrva.com, peoctdocket@heylroyster.com;tphelps@heylroyster.com
   - Thomas G McCuskey    mccuskeytompc@qwestoffice.net
   - Robert B Millner    rmillner@sonnenschein.com

- Iain A W Nasatir     inasatir@pszjlaw.com, jwashington@pszjlaw.com
- Kasey C Nye     kasey.nye@quarles.com
- Michael Pompeo     michael.pompeo@dbr.com
- Hamid R Rafatjoo     hrafatjoo@venable.com, jnassiri@venable.com;ataylor@venable.com;bclark@venable.com;revey@venable.com
- Paula L Roby     proby2@elderkinpirnie.com, lbarrigar@elderkinpirnie.com
- James L Snyder     USTPRegion12.DM.ECF@usdoj.gov, james.l.snyder@usdoj.gov
- James I Stang     jstang@pszjlaw.com
- Marty L Stoll     mls@shuttleworthlaw.com
- United States Trustee     USTPRegion12.DM.ECF@usdoj.gov

2.  **Service via U.S. Mail**

Patrick J. Hopkins
Hopkins Law Office, P.L.C.
1415 28th Street, Ste. 160
West Des Moines, IA  50266

Richard M. Calkins
Calkins Law Firm
2700 Westown Parkway, Suite 410
West Des Moines, IA 50266