**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

In the Matter of:

**Diocese of Davenport**,                                                                           Case No. **06-02229-lmj11**

       Debtor

**ADDITIONAL NOTICE REGARDING JULY 31, 2019 HEARING ON:**

**Settlement Trustee's Motion to Authorize Final Distribution and Terminate Settlement Trust (#462),
Objections by Alleged Unknown Tort Claimants (#473 and #474),
and Response by Settlement Trustee (#475)
(date entered on docket: July 22, 2019)**

       As indicated in the June 14, 2019 order and notice, the July 31, 2019 hearing is limited to determining whether the objecting parties may file their claims after the expiration of the filing deadline for unknown tort claimants.  That is, each objecting party must explain what effort was made to bring the claim to the attention of the Diocese, the Special Arbitrator or the Settlement Trustee and must specify when that effort was made.  If the evidence supports finding the effort should be construed as a timely informal filing of a claim, then the objecting party may proceed under section 11.6 of the confirmed plan.  Again, the July 31, 2019 hearing is not a hearing to determine whether a claim is allowable and entitled to an award.  Under the terms of the confirmed plan, the bankruptcy court does not have a role in those determinations.

       To put the hearing's limited issue into better perspective, the Court points out the following relevant information from the docket:

       (1) The Diocese of Davenport filed a petition for relief under Chapter 11 of Title 11 of the United States Code on October 10, 2006.  (Docket Number 1.)  Originally the deadline for creditors (other than governmental units) to file claims was February 6, 2007.  (Docket Number 28.)  At the request of the Diocese and the Official Committee of Unsecured Creditors, the Court extended the deadline to July 16, 2007.  (Docket Numbers 73 and 97.)

       (2) Despite the claims bar date notice emphasizing that a claimant who failed to file a claim by the July 16, 2007 deadline would be barred from asserting that claim in the future, the Diocese and the Committee proposed a plan that allowed Unknown Tort Claimants to file claims no later than ten years after the effective date of the plan.  (Docket Number 262 at pages 26 and 28.  The definition of an Unknown Tort Claimant appears on page 14.)  The Court entered an order confirming the plan on May 1, 2008.  (Docket Number 295.)  The effective date of the plan was June 9, 2008.  (Docket Number 315.)

       (3) The confirmed plan established a reserve fund of $2,500,000 for unknown tort claims.  (Docket Number 262 at page 14.)  Unknown tort claim awards from 2010 to 2018 total $2,338,922.01.  (Docket Number 466 at page 28.)

       /s/ Lee M. Jackwig
       Lee M. Jackwig
       U.S. Bankruptcy Judge

Service: In addition to notice of electronic filing, the Clerk of Court shall mail copies of this notice and Docket Numbers 97 and 262 to the objecting parties.